■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ANTONIO SANTANA ROSARIO, Also Known as ANTONIO ROSARIO, Appellant. [597 NYS2d 357] —Judgment of the Supreme Court, New York County (Alfred Kleiman, J.) rendered April 19, 1991, convicting the defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and sentencing the defendant to a prison term of 5 to 10 years, unanimously reversed on the law, and the indictment dismissed; and judgment of the same court rendered April 19, 1991, convicting the defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and sentencing him to a prison term of 5 to 10 years to run concurrently with the term imposed by the first of the 2 judgments here appealed, unanimously reversed on the law, the plea vacated and the matter remanded for further proceedings.

Viewed in the light most favorable to the prosecution, the evidence upon which the defendant's conviction of criminal sale of a controlled substance in the third degree rests, shows

no more than that upon being asked by an undercover police officer where narcotics could be purchased, the defendant called to an individual named Stephens whom he referred to as "Panama". The undercover then purchased crack cocaine from Stephens using pre-recorded buy money. At the time of his arrest shortly after the transaction, the defendant possessed neither narcotics nor buy money.

While this evidence certainly demonstrated that the defendant was able to identify a local purveyor of narcotics, it did not show, as would have been necessary to sustain his conviction as an accomplice for criminal sale of a controlled substance, that he shared the seller's intent to bring the transaction about (see, Penal Law § 20.00). What is more, by merely responding to the undercover's inquiry as to who had drugs for sale, the defendant did nothing to solicit or request, much less demand or importune the illicit sale (see, ibid.). The necessary conditions for establishing accomplice liability having been thus left unsatisfied, and there being no other capacity in which the defendant may be said to have participated in the charged sale, his conviction must be reversed and the indictment dismissed.

Also requiring reversal is the second of the two judgments here at issue convicting the defendant of criminal possession of a controlled substance in the third degree. The defendant agreed to plead guilty to that offense only after he had been convicted of criminal sale of a controlled substance and it is clear that but for his conviction of the latter offense the defendant would not have entered the plea he did. Accordingly, since the conviction without which the defendant's plea would not have been made has now been reversed, the plea must be vacated and the matter remanded for further proceedings upon the indictment charging the defendant with criminal possession of a controlled substance in the third degree. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Kassal, JJ.