■ In the Matter of RENE O., a Person Alleged to be a Juvenile Delinquent, Appellant. [620 NYS2d 45] —Order of disposition, Family Court, New York County (Mary Bednar, J.), entered July 8, 1993, adjudicating appellant a juvenile delinquent following a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and placing the juvenile on probation for 18 months, unanimously affirmed, without costs.

Viewing the evidence in a light most favorable to the presentment agency, we find appellant's guilt of intentionally aiding in the possession and sale of cocaine was established beyond a reasonable doubt. Appellant, aware that the undercover officer wanted to buy drugs, initiated a transaction by offering to sell him marijuana. When the officer told appellant that he wanted crack cocaine, appellant, instead of abandoning the sale, told the officer to wait, and then hurried to his companion, who was nearby and known by appellant to have crack in his possession, to inform him of the request. The companion then approached the officer, and, after some negotiating, sold him three vials of crack cocaine for $11 in prerecorded buy money. Upon such evidence the trier of fact could reasonably conclude that appellant's conduct "demonstrated an interest in promoting the transaction and that his

involvement went 'beyond being a mere extension of the buyer' " *(People v McDermott,* 192 AD2d 415, 416, *lv denied* 81 NY2d 1076). That appellant never handled the cocaine or the prerecorded buy money does not negate his accessorial liability *(supra).* Concur—Ellerin, J. P., Kupferman, Rubin and Nardelli, JJ.