■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE TORRES, Appellant. [621 NYS2d 28] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered July 6, 1993, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The People presented evidence that defendant acted upon the undercover officer's request to "get two bags" by leading the officer to the seller codefendant, confirmed the amount of drugs requested, stood by during the sale, left with the seller after he announced that he was selling his last bag of heroin to the officer, and then was arrested while walking away from the sale location with the seller (from whom the buy money was recovered). Viewing this evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of the crime charged, on an acting in concert theory, was proven beyond a reasonable doubt *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). The jury reasonably concluded that defendant's actions indicated an intent to aid the principal in accomplishing the criminal sale of heroin *(see, People v Kaplan,* 76 NY2d 140, 146). In these circumstances, it is not of import that no additional drugs, or the prerecorded buy money, was recovered from defendant *(see, People v Smith,* 179 AD2d 355, *lv denied* 79 NY2d 953). Concur—Ellerin, J. P., Wallach, Asch and Nardelli, JJ.

■ In the Matter of MICHAEL J. LAZAR, a Disbarred Attorney. [621 NYS2d 857] —Application for reinstatement granted only to the extent of referring the matter to the Departmental Disciplinary Committee for the First Judicial Department, for a hearing as indicated. No opinion. Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Asch, JJ.