■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY FLOCKER, Appellant. [637 NYS2d 369]—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered September 7, 1993, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

In light of defendant's extensive criminal record, the trial court's *Sandoval/Molineux* ruling permitting inquiry only as to three felony convictions involving theft-related charges, the fact of a recent misdemeanor conviction, and the fact that defendant had twice failed to appear for court dates, matters highly probative of credibility and defendant's willingness to place his own interests above those of society, constituted an appropriate exercise of discretion (*see, People v Bennette*, 56 NY2d 142).

Defendant did not preserve his current claim of error regarding the trial court's preliminary instructions to the jury to draw no adverse inference if he chose not to testify (CPL 470.05; *People v Rodriguez*, 220 AD2d 208, 209). In any event, any error was harmless in that the court's instructions did not

imply that defendant should testify or that his choice not to testify was a tactical maneuver (*supra*).

The trial court's ruling denying defendant's challenge for cause of a venireperson who had a family member involved with drugs could not, in any event, serve as a basis for reversal since defendant did not exhaust his peremptory challenges before completion of jury selection (CPL 270.20 [2]; *see, People v Brown*, 202 AD2d 266, *lv denied* 83 NY2d 964).

As the People offered reasons for peremptory challenges that were race-neutral, reasonably specific and trial related, and as defendant raised no claim of pretext, as now alleged, no factual question arose and the trial court properly ruled that defendant did not sustain his ultimate burden of proof that the prosecutor's peremptory challenges were violative of defendant's equal protection rights (*People v Allen*, 86 NY2d 101).

Contrary to defendant's argument, the evidence at trial did not prove merely that defendant assisted the undercover officer by directing him to a known seller of narcotics, but rather demonstrated that defendant acted as a steerer, actively participating in the transaction by informing the officer that drugs were available "right here" and asking what type of drug the officer wanted. Thus, the evidence established beyond a reasonable doubt that defendant intended to aid in the sale of drugs (Penal Law § 20.00; *see, People v Pla*, 210 AD2d 77, *lv denied* 85 NY2d 912). Moreover, there was no reasonable view of the evidence to support defendant's request for an agency charge.

The arresting officer's testimony provided reasonable assurance of the identity and unchanged condition of the recovered pre-recorded buy money and glassine envelopes (*People v Julian*, 41 NY2d 340, 342-343). Any deficiency in the custodial chain goes to the weight and not to the admissibility of the evidence (*supra*).

Defendant did not preserve by objection his current claim that the scope of the expert testimony on a typical buy and bust operation improperly bolstered the People's case (CPL 470.05; *People v Graves*, 85 NY2d 1024). In any event, as defendant conducted extensive cross-examination of the witness and elicited even further details to support his position that he did not actively participate in the charged drug sale, he may not now properly claim that the testimony served to prejudice him (*see, People v Ellsworth*, 176 AD2d 127, *lv denied* 79 NY2d 856).

We perceive no abuse of discretion in sentencing. Concur— Ellerin, J. P., Kupferman, Ross, Williams and Tom, JJ.