■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD BELLO, Respondent. [668 NYS2d 175] —Order, Supreme Court, New York County (Rena Uviller, J.), entered May 15, 1996, dismissing the indictment which charged the defendant with criminal sale of a controlled substance in the third degree, unanimously reversed, on the law, and the indictment reinstated.

The undercover officer testified before the Grand Jury that at about 12:55 P.M., on February 12, 1996, the defendant and his co-defendant Evelyn Castellar were standing outside 201 West 93rd Street. The officer approached them and asked them for "nicks", which is street slang for $5 bags of crack cocaine. The defendant asked "how many [she] was looking for," and she said "four". The defendant then asked whether the officer was a "cop". When she said she was not, co-defendant Castellar told the officer that she had only "dimes", i.e., $10 bags of crack. She then told the officer to follow her. The officer followed her to the 12th floor of the building, where she then sold the officer one $10 bag. Outside the presence of the defendant and co-defendant, the undercover officer field-tested the drugs and determined that the bag did contain crack. Shortly thereafter, the backup officer arrested the defendant and co-defendant around the corner from where the sale took place. The undercover confirmed identification.

The Grand Jury indicted the co-defendants for criminal sale of a controlled substance in the third degree, pursuant to Penal Law § 220.39 (1), which provides that a person is guilty of this crime if he "knowingly and unlawfully sells * * * a narcotic drug". On December 4, 1996, co-defendant Castellar pleaded guilty to attempted criminal sale of a controlled substance in the third degree.

The defendant moved to dismiss the indictment on the grounds of insufficient evidence. The motion court granted the defendant's motion, holding that "there was not sufficient evidence that this defendant aided or assisted the co-defendant to sell drugs to the undercover officer". The People correctly contend on appeal that the indictment was supported by sufficient evidence.

Legally sufficient evidence is "competent evidence which, if

accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]). In evaluating the evidence presented to the Grand Jury, the reviewing court should only decide whether the facts, if unexplained and uncontradicted, and the inferences that can reasonably be drawn from them, support every element of the crimes charged (*People v Manini*, 79 NY2d 561, 568). "In the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt" (*People v Mayo*, 36 NY2d 1002, 1004). The court should not attempt to rule out other, innocent interpretations; the evidence is sufficient if "the Grand Jury could rationally have drawn the guilty inference" (*People v Deegan*, 69 NY2d 976, 979).

In the instant case, the defendant was properly charged as an accomplice to co-defendant Castellar's criminal sale of a controlled substance. To obtain a valid indictment, the People had to make out a prima facie case showing that the defendant, knowing that the substance being sold was crack cocaine, intentionally aided co-defendant Castellar in making the sale (*People v Kaplan*, 76 NY2d 140, 146). The evidence supports such an inference.

When the undercover officer approached the defendant and co-defendant, the defendant promptly comprehended her inquiry and was the first to respond by asking how many bags she wanted. He also asked whether she was a police officer. These questions elicited information that enabled co-defendant Castellar to decide whether she could make the sale. Co-defendant Castellar seamlessly picked up where the defendant left off.

This case is distinguishable from cases where the defendant was merely present at the scene (*cf., Matter of Nelson S.*, 196 AD2d 422, 424) or pointed out the seller to the undercover buyer without actively participating in the solicitation (*cf., People v Rosario*, 193 AD2d 445, 446, *lv denied* 82 NY2d 708). The defendant's questions could reasonably be construed to show that he had an interest in completing the sale (*see, People v Flocker*, 223 AD2d 451, 452, *lv denied* 88 NY2d 847). Though the defendant did not explicitly direct Castellar to proceed, their close proximity to one another, and the complementary nature of their actions, reasonably suggest that they acted in concert (*see, People v Tention*, 162 AD2d 355, 356, *lv denied* 76 NY2d 991). Nor does the fact that co-defendant Castellar ultimately sold the officer a different amount than she had asked for necessitate the conclusion that the defendant's inquiry pertained to a totally different sale that never took place

because of co-defendant Castellar's interference. The defendant's theory, in fact, seems more improbable, since he and co-defendant Castellar were together without any apparent hostility shortly after the sale. Thus, viewed in the light most favorable to the People, the evidence should have been found sufficient to support the indictment. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.