OPINION OF THE COURT
 

 Wesley, J.
 

 Creativity in the marketplace is not restricted to lawful commercial activity. In this case we are called upon to determine whether the evidence before the Grand Jury, which indicated that defendant acted as a “screener” for the sale of crack cocaine by another, was legally sufficient to sustain the charge against him for criminal sale of a controlled substance in the third degree as an accomplice. We conclude that it was and therefore affirm the order of the Appellate Division reinstating the indictment.
 

 The evidence before the Grand Jury indicated that at approximately 12:55 p.m. on February 12, 1996 defendant and Evelyn Castellar, a co-defendant in this action, were standing
 
 *525
 
 outside a Manhattan apartment. An undercover member of the Manhattan North Narcotics Team approached them and inquired about “nicks” — street parlance for $5 bags of crack cocaine. Defendant asked “how many [she] was looking for” and the undercover officer responded “four.” Defendant asked if the officer was a “cop,” to which she replied “no.” Castellar then told the officer “I only have dimes [$10 bags of crack cocaine]. Come with me.” The officer followed Castellar to the 12th floor of the building, where she sold the officer one “dime” bag. The undercover officer subsequently field-tested the drugs and determined that the bag contained crack cocaine. Shortly thereafter a backup officer in the vicinity arrested defendant and Castellar around the corner from where the sale occurred. The undercover officer identified defendant and Castellar.
 

 The Grand Jury returned an indictment charging defendant and Castellar with criminal sale of a controlled substance in the third degree pursuant to Penal Law § 220.39 (1). Castellar pleaded guilty to attempted criminal sale of a controlled substance in the third degree. Defendant moved to dismiss the indictment on the ground that the evidence submitted to the Grand Jury was not legally sufficient to establish the charged crime or any lesser included offense. Supreme Court granted defendant’s motion, noting that “there was not sufficient evidence that this defendant aided or assisted the co-defendant to sell drugs to the undercover officer.”
 

 The Appellate Division reversed and reinstated the indictment. It determined that the evidence was sufficient to establish a prima facie case that defendant, knowing the substance being sold was crack cocaine, intentionally aided Castellar in making the sale. The court rejected defendant’s contention that he was improperly charged as an accomplice to Castellar’s criminal sale of a controlled substance. In support of its determination, the Appellate Division characterized defendant’s questions as “elicit [ing] information that enabled co-defendant Castellar to decide whether she could make the sale”
 
 (People v Bello,
 
 246 AD2d 424, 425). Leave to appeal was granted by a Judge of this Court, and we now affirm.
 

 To dismiss an indictment on the basis of insufficient evidence before a Grand Jury, a reviewing court must consider “whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury”
 
 (People v Jennings,
 
 69 NY2d 103, 114;
 
 People v Swamp,
 
 84 NY2d 725, 730). Legally sufficient evidence is defined in CPL 70.10 (1) as “competent evidence
 
 *526
 
 which, if accepted as true, would establish every element of an offense charged.” In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt
 
 (People v Mayo,
 
 36 NY2d 1002;
 
 People v Swamp, supra).
 
 The reviewing court’s inquiry is limited to “whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,” and whether “the Grand Jury could rationally have drawn the guilty inference”
 
 (People v Deegan,
 
 69 NY2d 976, 979). That other, innocent inferences could possibly be drawn from those facts is irrelevant to the sufficiency inquiry “as long as the Grand Jury could rationally have drawn the guilty inference”
 
 (id.,
 
 at 979).
 

 To establish an acting-in-concert theory in the context of a drug sale, the People must prove not only that the defendant shared the requisite
 
 mens rea
 
 for the underlying crime but also that defendant, in furtherance of the crime, solicited, requested, commanded, importuned or intentionally aided the principal in the commission of the crime
 
 (People v Kaplan,
 
 76 NY2d 140; Penal Law § 20.00). Although the case law discussing these criteria is somewhat fact-specific, integral to each inquiry is whether a defendant exhibited any calculated or direct behavior that purposefully affected or furthered the sale of the controlled substance
 
 (see, People v Torres,
 
 211 AD2d 406;
 
 People v McDermott,
 
 192 AD2d 415). The key to our analysis is whether a defendant intentionally and directly assisted in achieving the ultimate goal of the enterprise — the illegal sale of a narcotic drug.
 

 Applying this legal standard to this record, we conclude that the trial court erred when it held that there was insufficient evidence to establish a prima facie case against defendant. The Grand Jury could have found the evidence sufficient to establish that defendant’s participation in the drug transaction intentionally and directly assisted Castellar in consummating the sale. Defendant knew the object of the sale was a narcotic drug, as evidenced by his response “how many” to the undercover officer’s initial request for “nicks.” Thus, it was defendant, not Castellar, who promoted the transaction first by asking the undercover officer the number of bags she was interested in buying.
 

 Moreover, once defendant elicited that the undercover officer was seeking more than one “nick,” he attempted to further screen the officer when he asked if she was a “cop.” We reject defendant’s argument that this question is meaningless
 
 *527
 
 because no one would ever affirm their status as an undercover police officer. To the contrary, defendant and his partner had the opportunity to observe the customer’s reaction and interpret that reaction to determine her motivation. Thus, defendant assisted in an essential portion of the negotiation by screening the potential purchaser for identity and interest. These factors, coupled with the close proximity of defendant and Castellar to each other before, during and after the transaction and the open discussion of the sale, allow for a logical inference that they were working as a team. Defendant opened the door to potential buyers, screening them for hints as to their identity and interest; Castellar then closed the sale. These actions could reasonably demonstrate defendant’s intentional, direct and integral involvement with the transaction sufficient to sustain the indictment.
 

 Despite his assertions to the contrary, defendant’s conduct is analogous to individuals who “steer” buyers to purveyors of narcotics
 
 (see, People v Flocker,
 
 223 AD2d 451;
 
 People v Smith,
 
 219 AD2d 533); or act as a “go-between” for a buyer and a seller
 
 (see, Matter of Rene O.,
 
 210 AD2d 103;
 
 People v Torres,
 
 211 AD2d 406). Defendant was not merely acting as a source of general information where drugs could be purchased
 
 (see, People v Lopez,
 
 213 AD2d 255;
 
 People v Rosario,
 
 193 AD2d 445). To the contrary, his presence was inextricably linked to the drug sale itself. Defendant’s conduct and questions were the threads that tied him directly to the drug sale.
 

 In upholding the Appellate Division’s determination, we reject defendant’s contention that the Grand Jury could not logically infer that defendant assisted Castellar in executing this particular drug sale because she interposed herself between defendant and the officer and sold a different quantity from a different location. Negotiations do not always follow a single, well-defined path. Each side explores the needs and abilities of the other before a deal is made. To require the degree of specificity defendant suggests would skew a reviewing court’s inquiry and restrict, if not extinguish, the Grand Jury’s unassailable authority to consider logical inferences that flow from the facts presented to it
 
 (see, People v Deegan, supra).
 

 The Grand Jury could logically infer that defendant aided the sale through his questions and screening of the undercover officer. It was only after defendant’s questions elicited information useful to enable Castellar to decide whether she wanted to make the sale that Castellar actually sold the crack cocaine to
 
 *528
 
 the undercover officer. The threshold standard of legal sufficiency was thus met.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed.