■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AL-TERIQUE DAY, Respondent. [737 NYS2d 727] —Appeal from an order of Monroe County Court (Marks, J.), dated September ·28, 2000, which granted defendant's motion to dismiss the indictment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is denied, the indictment is reinstated and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: We agree with the People that County Court erred in granting defendant's motion to dismiss the indictment based on legally insufficient evidence before the Grand Jury. "To dismiss an indictment on the basis of insufficient evidence before a Grand Jury, a reviewing court must consider 'whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Bello,* 92 NY2d 523, 525). Here, the single-count indictment charged defendant with criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). The grand jury could have inferred that the "exchange" between defendant and the alleged buyer observed by the police was in fact a drug transaction in violation of the crime charged. Present—Pine, J.P., Scudder, Kehoe, Burns and Gorski, JJ.