■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GELIGAS, Appellant. [768 NYS2d 822]—

Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered February 5, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years and 1 year, respectively, unanimously modified, as a matter of discretion in

the interest of justice, to the extent of reducing defendant's sentence on the criminal sale conviction to a term of 6 to 12 years, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's course of conduct warrants the conclusion that he was a participant in the drug transaction, whose role included screening potential customers (*see People v Bello*, 92 NY2d 523 [1998]).

Defendant failed to preserve his claims concerning police testimony as to the roles of participants in street-level narcotics sales (*see People v Harris*, 98 NY2d 452, 492 [2002]; *People v Tevaha*, 84 NY2d 879 [1994]), and we decline to review them in the interest of justice. Were we to review these claims, we would reject them (*see People v Brown*, 97 NY2d 500, 506-507 [2002]).

We find the sentence to be excessive to the extent indicated. Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.