================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 4
The People &c.,
          Appellant,
        v.
Terrance Williams,
          Respondent.


          James P. Maxwell, for appellant.
          Kristen N. McDermott, for respondent.
          Center for HIV Law and Policy et al.; New York Civil
Liberties Union, et al., <u>amici</u> <u>curiae</u>.


MEMORANDUM:

          The order of the Appellate Division should be affirmed.

          The victim and defendant Terrance Williams became

friends in July 2010.  Their friendship turned intimate sometime

later in the summer, when they engaged in anal sexual conduct.

During their early sexual encounters, the victim and defendant

used protection; however, they eventually had unprotected sex.

- 1 -

The first time this happened, the victim reached for a condom only to have defendant take the condom away from him. The victim asked defendant four times if it was safe for them to engage in unprotected sex, and defendant reassured him that it was. Prior to this occasion, the victim and defendant had frequently discussed the human immunodeficiency virus (HIV) and the need to be careful to avoid infection.

In October 2010, defendant informed the victim that he might be HIV positive. Defendant explained that a previous sexual partner of his was infected by HIV, and that the two had engaged in unprotected sex. Defendant urged the victim to get tested for HIV. Shortly after this, in November 2010, the victim broke off his relationship with defendant. Then in February 2011, the victim became very ill, experiencing nausea, vomiting, diarrhea, and a severe sore throat, among other symptoms. He learned that he was HIV positive, and that his symptoms were a byproduct of his body's inability to fight infection. Since August 2011, the victim has taken medication to stave off infection. Without this medication, he would eventually develop acquired immunodeficiency syndrome (AIDS).

In April 2011, two months after the victim found out that he was HIV positive, defendant sent a letter to him through social media. In the letter, defendant admitted that he had been diagnosed as HIV positive before he and the victim became intimate. Defendant expressed remorse about lying, saying "i

want to start by saying that i sincerely apologize for giving you

hiv." Further, "i made my biggest mistake the night i said i

didn't want to use a condom knowing my status but still being so

deep in love with you that i wanted us to be one person . . . i

was selfish and i was more so concerned with my own false

happiness than you [sic] health." The victim contacted the

police.

In his subsequent appearance before the grand jury, the

victim testified that he must take medication for the rest of his

life, and that the medicine, combined with his psychological

reaction to his HIV diagnosis, results in anxiety, nausea, mood

swings, inability to stay awake, rashes and other symptoms.

Based on the victim's testimony and that of the detective who

interviewed defendant and a physician who is an expert on HIV and

AIDS, the grand jury charged defendant with one count of first-

degree reckless endangerment (Penal Law § 120.25) and one count

of third-degree assault (Penal Law § 120.00 [2]). Defendant

moved to dismiss both counts of the indictment on the ground of

legal insufficiency. By decision and order dated August 10,

2012, Supreme Court reduced the count of first-degree reckless

endangerment to second-degree reckless endangerment (Penal Law §

120.20), and otherwise denied defendant's motion.

First-degree reckless endangerment consists of four

elements: conduct that creates a grave and unjustifiable risk of

another person's death; awareness and conscious disregard of that

risk; the grave and unjustifiable risk is of a nature and degree that constitutes a gross deviation from the standard of conduct a reasonable person would observe in the situation; and the conduct occurred under circumstances evincing a depraved indifference to human life.  Supreme Court ruled that, based on the physician's testimony about advances in medical treatment, neither HIV nor AIDS poses a grave risk of death.  It additionally determined that there was insufficient evidence that defendant acted with the requisite depraved mental state.

The People appealed, and in November 2013 the Appellate Division affirmed (111 AD3d 1435 [4th Dept 2013]).  The court concluded that the grand jury evidence, when viewed in the light most favorable to the People, did not make out a prima facie case that defendant acted with the wanton cruelty, brutality, or callousness required to establish depraved indifference toward a single victim.  The court also agreed with Supreme Court that the grand jury evidence, again viewed in the light most favorable to the People, did not show that defendant's conduct presented a grave risk of death to the victim.  A Judge of this Court granted the People leave to appeal (22 NY3d 1091 [2014]), and we now affirm.

Depraved indifference is a culpable mental state which means the same thing in the murder and reckless endangerment statutes (People v Feingold, 7 NY3d 288, 290 [2006]).  As we explained in People v Suarez (6 NY3d 202, 212 [2005]), "[a]

defendant may be convicted of [a depraved indifference crime] when but a single person is endangered in only a few rare circumstances"; specifically, where the defendant exhibits "wanton cruelty, brutality or callousness directed against a particularly vulnerable victim, combined with utter indifference to the life or safety of the helpless target of the perpetrator's inexcusable acts" (id. at 213).  Here, there is no evidence that defendant exposed the victim to the risk of HIV infection out of any malevolent desire for the victim to contract the virus, or that he was utterly indifferent to the victim's fate (see People v Lewie, 17 NY3d 348, 359 [2011] [the defendant did not exhibit depraved indifference when she failed to stop the abuse of her child; although "the evidence . . . show(ed) that (she) cared much too little about her child's safety, it cannot support a finding that she did not care at all"]).  Without a doubt, defendant's conduct was reckless, selfish and reprehensible. Under our caselaw, though, this is not enough to make out a prima facie case of depraved indifference.[*]

---

[*]The dissent objects that "[i]t is irrelevant that defendant may have expressed remorse six months after he and the victim had unprotected sex" (dissenting op at 2-3).  But "[t]he mens rea of depraved indifference to human life can, like any other mens rea, be proved by circumstantial evidence" (Feingold, 7 NY3d at 296). Certainly, defendant's unprompted confession and expression of guilt and contrition constitute circumstantial evidence of his state of mind when he disingenuously persuaded the victim to engage in unprotected sex.  The point here, though, is that there is simply no evidence in the grand jury record, circumstantial or otherwise, of wanton cruelty, brutality or callousness toward the fate of a single victim.

Finally, we need not and do not decide whether HIV infection creates a grave and unjustifiable risk of death in light of the medical advances in treatment made since the scourge of AIDS was first identified.

People of the State of New York v Terrance Williams

No. 4

PIGOTT, J.(dissenting):

A grand jury may indict a person for an offense "when (a) the evidence before it is legally sufficient to establish that such person committed [that] offense . . ., and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed [that] offense" (CPL 190.65 [1] [a], [b]).  The first prong requires the People to present a prima facie case, which "is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (People v Jennings, 69 NY2d 103, 114 [1986], citing People v Pelchat, 62 NY2d 97, 105 [1984]).  "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (People v Bello, 92 NY2d 523, 526 [1998], citing People v Mayo, 36 NY2d 1002 [1975]).  Because, in my view, the People presented a legally sufficient case as to the elements of depraved indifference and grave risk of harm, I respectfully dissent and would reinstate the count of reckless endangerment in

- 1 -

the first degree.[1]

The People's evidence established that defendant knew at the time he engaged in sexual conduct with the victim that he had been infected with the human immunodeficiency virus (HIV). The victim was unaware of defendant's condition. Prior to engaging in unprotected intercourse, defendant and the victim had spoken about the need for people to be careful when engaging in unprotected sex, but defendant intentionally failed to tell the victim that defendant had been diagnosed with HIV in December 2009, eight months before he and the victim had met. The grand jury testimony established that when the victim reached for a condom, defendant took it away from the victim and, after the victim had asked defendant four times whether it was safe to engage in unprotected sex with defendant, defendant responded that it was "okay." These facts, viewed in the light most favorable to the People, established at the very least that defendant acted with "wanton cruelty, brutality or callousness" and "utter indifference" to the victim's fate (People v Suarez, 6 NY3d 202, 213 [2005]).

It is irrelevant that defendant may have expressed

---

[1] Like the majority, I will not detail the proof concerning the issue of whether defendant exposed the victim to a grave and unjustifiable risk of death, other than to state that, on this record, the medical testimony proffered by the People's expert, viewed in the light most favorable to the People, was legally sufficient to establish the "grave and unjustifiable risk of death" element.

remorse six months after he and the victim had unprotected sex. The critical inquiry is whether defendant exhibited a depraved state of mind <u>at the time the offense was committed</u>, not whether defendant felt bad about what he had done months after the fact. The grand jury plainly believed that there was reasonable cause to believe that a crime had been committed. That determination was based on the evidence that, viewed in the light most favorable to the People, defendant had exhibited a depraved mental state.

Although the majority has decided that the proof presented at the grand jury established, at most, that defendant "cared much too little" about the victim's health (as opposed to establishing that defendant "did not care at all"), this Court is prohibited from weighing the facts to determine whether the People met their burden of presenting legally sufficient evidence to the grand jury by considering defendant's post-incident letter of remorse. The grand jury apparently believed that defendant "did not care at all," and, based on the evidence presented, we are in no position to disagree (<u>see</u> <u>Bello</u>, 92 NY2d at 526 [stating that the fact that other inferences may be drawn from the facts presented "is irrelevant to the sufficiency inquiry" so long as the grand jury could have drawn an inference of guilt from those facts]).

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed, in a memorandum.  Chief Judge Lippman and Judges
Read, Rivera and Abdus-Salaam concur.  Judge Pigott dissents in
an opinion.  Judges Stein and Fahey took no part.


Decided February 19, 2015