Pigott, J.
(dissenting). A grand jury may indict a person for an offense “when (a) the evidence before it is legally sufficient to establish that such person committed [that] offense . . . , and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed [that] offense” (CPL 190.65 [1] [a], [b]). The first prong requires the People to present a prima facie case, which “is properly determined by inquiring whether the evidence viewed in the *1133 light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury” (People v Jennings, 69 NY2d 103, 114 [1986], citing People v Pelchat, 62 NY2d 97, 105 [1984]). “In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt” (People v Bello, 92 NY2d 523, 526 [1998], citing People v Mayo, 36 NY2d 1002 [1975]). Because, in my view, the People presented a legally sufficient case as to the elements of depraved indifference and grave risk of harm, I respectfully dissent and would reinstate the count of reckless endangerment in the first degree.*
The People’s evidence established that defendant knew at the time he engaged in sexual conduct with the victim that he had been infected with the human immunodeficiency virus (HIV). The victim was unaware of defendant’s condition. Prior to engaging in unprotected intercourse, defendant and the victim had spoken about the need for people to be careful when engaging in unprotected sex, but defendant intentionally failed to tell the victim that defendant had been diagnosed with HIV in December 2009, eight months before he and the victim had met. The grand jury testimony established that when the victim reached for a condom, defendant took it away from the victim and, after the victim had asked defendant four times whether it was safe to engage in unprotected sex with defendant, defendant responded that it was “okay.” These facts, viewed in the light most favorable to the People, established at the very least that defendant acted with “wanton cruelty, brutality or callousness” and “utter indifference” to the victim’s fate (People v Suarez, 6 NY3d 202, 213 [2005]).
It is irrelevant that defendant may have expressed remorse six months after he and the victim had unprotected sex. The critical inquiry is whether defendant exhibited a depraved state of mind at the time the offense was committed, not whether defendant felt bad about what he had done months after the fact. The grand jury plainly believed that there was reasonable cause to believe that a crime had been committed. That determination was based on the evidence that, viewed in the light most favorable to the People, defendant had exhibited a depraved mental state.
*1134 Although the majority has decided that the proof presented at the grand jury established, at most, that defendant “cared much too little” about the victim’s health (as opposed to establishing that defendant “did not care at all”), this Court is prohibited from weighing the facts to determine whether the People met their burden of presenting legally sufficient evidence to the grand jury by considering defendant’s post-incident letter of remorse. The grand jury apparently believed that defendant “did not care at all,” and, based on the evidence presented, we are in no position to disagree (see Bello, 92 NY2d at 526 [stating that the fact that other inferences may be drawn from the facts presented “is irrelevant to the sufficiency inquiry” so long as the grand jury could have drawn an inference of guilt from those facts]).
Chief Judge Lippman and Judges Read, Rivera and AbdusSalaam concur; Judge Pigott dissents in an opinion; Judges Stein and Fahey taking no part.
Order affirmed, in a memorandum.

 Like the majority, I will not detail the proof concerning the issue of whether defendant exposed the victim to a grave and unjustifiable risk of death, other than to state that, on this record, the medical testimony proffered by the People’s expert, viewed in the light most favorable to the People, was legally sufficient to establish the “grave and unjustifiable risk of death” element.