People v Pino (2018 NY Slip Op 04573)





People v Pino


2018 NY Slip Op 04573


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-01048
 (Ind. No. 508/16)

[*1]The People of the State of New York, appellant,
v
Carlos Pino, respondent.


Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Miller, Elizabeth Miller, and Glenn Green of counsel), for appellant.
Leonardo Lato, Hauppauge, NY, for respondent.



DECISION & ORDER
Appeal by the People from so much of an order of the Supreme Court, Suffolk County (Fernando M. Camacho, J.), dated October 26, 2016, as dismissed the indictment as against the defendant.
ORDERED that the order is affirmed insofar as appealed from.
The defendant was indicted for various offenses based on a fatal accident that occurred on July 18, 2015, at the intersection of Route 48 and Depot Lane in Suffolk County. The evidence before the grand jury established that at approximately 5:00 p.m., the defendant, a limousine driver, picked up eight passengers at a winery on Route 48. Upon exiting the parking lot, the defendant was required to make a right turn, traveling east on Route 48. Since the defendant needed to travel west on Route 48, he decided to make a U-turn at the next intersection, which was Route 48 and Depot Lane. After stopping and seeing no oncoming traffic, the defendant turned left into the intersection and was broadsided by a pickup truck traveling west on Route 48. The evidence before the grand jury indicated that the defendant's view of oncoming traffic was partially obstructed by a vehicle waiting to make a left turn in the opposite turning lane on the westbound side of Route 48. Four of the passengers in the limousine died in the collision. The four surviving passengers sustained injuries.
The defendant was charged with four counts of criminally negligent homicide, four counts of assault in the third degree, one count of reckless driving in violation of Vehicle and Traffic Law § 1212, and four additional violations of the Vehicle and Traffic Law. The Supreme Court dismissed all of the counts against the defendant, concluding, inter alia, that the evidence presented to the grand jury with respect to counts one through nine was legally insufficient. The People appeal.
"Courts assessing the sufficiency of the evidence before a grand jury must evaluate whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction'" (People v Mills, 1 NY3d 269, 274-275, quoting People v Carroll, 93 NY2d 564, 568; see People v Bello, 92 NY2d 523, 525). CPL 70.10(1) defines legally sufficient evidence as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's [*2]commission thereof." "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (People v Bello, 92 NY2d at 526; see People v Deegan, 69 NY2d 976, 978-979). This Court's inquiry "is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether the Grand Jury could rationally have drawn the guilty inference'" (People v Bello, 92 NY2d at 526, quoting People v Deegan, 69 NY2d at 979).
We agree with the Supreme Court's determination to dismiss counts one through four of the indictment, charging the defendant with criminally negligent homicide (Penal Law § 125.10), and counts five through eight, charging him with assault in the third degree (Penal Law § 120.00[3]). "A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person" (Penal Law § 125.10). A person is guilty of assault in the third degree when "[w]ith criminal negligence, he causes physical injury to another person by means of . . . a dangerous instrument" (Penal Law § 120.00[3]).
The Penal Law defines criminal negligence as follows: "A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05[4]). The Court of Appeals has stated that "the carelessness required for criminal negligence is appreciably more serious than that for ordinary civil negligence, and that the carelessness must be such that its seriousness would be apparent to anyone who shares the community's general sense of right and wrong. Moreover, criminal negligence requires a defendant to have engaged in some blameworthy conduct creating or contributing to a substantial and unjustifiable risk of a proscribed result; nonperception of a risk, even if [the proscribed result occurs], is not enough" (People v Conway, 6 NY3d 869, 872 [internal quotation marks and citations omitted; see People v Cabrera, 10 NY3d 370, 376).
Here, the grand jury evidence, viewed most favorably to the People, did not establish "the kind of seriously condemnatory behavior that the Legislature envisioned when it defined criminal negligence,' even though the consequences here were fatal" (People v Cabrera, 10 NY3d at 378; see People v McGrantham, 12 NY3d 892, 893-894; People v Boutin, 75 NY2d 692, 697-698).
We also agree with the Supreme Court's determination to dismiss count nine of indictment, charging the defendant with reckless driving (Vehicle and Traffic Law § 1212). The grand jury evidence, viewed most favorably to the People, did not establish that the defendant operated his vehicle "under such circumstances as to show a reckless disregard of the consequences" (People v Grogan, 260 NY 138, 144).
The People's remaining contention is without merit.
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court