People v Booker (2018 NY Slip Op 05857)





People v Booker


2018 NY Slip Op 05857


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-00361
 (Ind. No. 16-00186)

[*1]The People of the State of New York, appellant,
v
Walter Booker, respondent.


Thomas P. Zugibe, District Attorney, New City, NY (Tina L. Guccione of counsel), for appellant.
Michael H. Sussman, Goshen, NY, for respondent.



DECISION & ORDER
Appeal by the People, as limited by their brief, from so much of an order of the County Court, Rockland County (David S. Zuckerman, J.), entered December 22, 2016, as granted that branch of the defendant's motion which was to dismiss counts 4 through 15 of the indictment on the ground that the evidence presented to the grand jury was legally insufficient.
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss counts 4 through 6 and 10 through 15 of the indictment is denied, and that branch of the motion which was to dismiss counts 7 through 9 of the indictment is granted only to the extent of reducing those counts from falsifying business records in the first degree to falsifying business records in the second degree, and that branch of the motion is otherwise denied; counts 4 through 6, 7 through 9 as so reduced, and 10 through 15 of the indictment are reinstated, and the matter is remitted to the County Court, Rockland County, for further proceedings on the indictment.
The defendant, a building inspector for the Village of Spring Valley, was indicted for, inter alia, offering a false instrument for filing in the first degree (three counts), falsifying business records in the first degree (three counts), issuing a false certificate (three counts), and official misconduct (three counts), based upon allegations that he had issued, voided, and reissued various certificates of occupancy, and wrote letters pertaining to a particular property over the course of several years, and that the information he supplied in the documents was fraudulently tailored to enable the property owner to successfully apply for tax exemptions. The defendant moved, among other things, to dismiss the indictment, contending that the evidence presented to the grand jury was legally insufficient. The County Court granted that branch of the defendant's motion and dismissed the indictment on the ground that the People had failed to establish the defendant's intent to defraud any governmental entity, as well as the defendant's intent to benefit or deprive another person of a benefit.
"Courts assessing the sufficiency of the evidence before a grand jury must evaluate whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction'" (People v Mills, 1 NY3d 269, 274-275, quoting People v Carroll, 93 NY2d 564, 568; see People v Bello, 92 NY2d 523, 525). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10[1]; see People v Mills, 1 NY3d at 274; People v Bello, 92 NY2d at 525-526). [*2]"In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (People v Bello, 92 NY2d at 526; see People v Deegan, 69 NY2d 976, 978-979; People v Jennings, 69 NY2d 103, 114). If the evidence supporting the indictment is circumstantial, the reviewing court's inquiry is limited "to determining whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes," and whether "the Grand Jury could rationally have drawn the guilty inference" (People v Deegan, 69 NY2d at 979; see People v Bello, 92 NY2d at 526).
Here, the evidence presented to the grand jury, when viewed in the light most favorable to the People, was legally sufficient to establish the charges of offering a false instrument for filing in the first degree and issuing a false certificate, including the element that the defendant acted with the "intent to defraud" (Penal Law §§ 175.35[1], 175.40; see People v Taylor, 14 NY3d 727, 729; People v Dallas, 46 AD3d 489, 491). Accordingly, we disagree with the County Court's determination granting that branch of the defendant's motion which was to dismiss those counts of the indictment. Moreover, although the three counts of falsifying business records in the first degree were based on allegations that the defendant had committed a larceny, which was not established before the grand jury (see People v Nappo, 94 NY2d 564, 566), the evidence before the grand jury, when viewed in the light most favorable to the People, establishes falsifying business records in the second degree, which does not require evidence of larceny but rather intent to defraud (see Penal Law § 175.05[1]; see also People v Deegan, 69 NY2d at 978-979; People v Jennings, 69 NY2d at 129). Thus, those counts should have been reduced, not dismissed, to three counts of falsifying business records in the second degree.
In addition, the evidence presented to the grand jury, when viewed in the light most favorable to the People, also was legally sufficient to establish the charge of official misconduct (see Penal Law § 195.00; People v Flanagan, 28 NY3d 644, 656-657). Accordingly, we disagree with the County Court's determination granting that branch of the defendant's motion which was to dismiss the counts of the indictment charging official misconduct.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court