People v Rios (2021 NY Slip Op 00093)





People v Rios


2021 NY Slip Op 00093


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Ind No. 2269/15 Appeal No. 12808 Case No. 2018-1490 

[*1]The People of the State of New York, Respondent,
v
Jermaine Rios, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J. at initial requests for new counsel; Abraham L. Clott, J. at subsequent requests, jury trial and sentencing), rendered June 22, 2016, convicting defendant of criminal possession of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the third degree (three counts) and conspiracy in the second degree, and sentencing him, as a second felony drug offender, to an aggregate prison term of 15 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant was part of an ongoing scheme to import large quantities of drugs. The chain of evidence, viewed as a whole, had no reasonable explanation except that defendant had knowledge (see People v Reisman, 29 NY2d 278, 285-286 [1971], cert denied 405 US 1041 [1972]) of the contents of two drug packages, one of which was delivered to him, and that he was a joint possessor of the package that was delivered to his codefendant as part of their criminal enterprise (see People v Bello, 92 NY2d 523, 526 [1998]; People v Tirado, 38 NY2d 955 [1976]). We have considered and rejected defendant's remaining arguments relating to the weight of the evidence.
The calendar and trial courts providently exercised their discretion in denying defendant's multiple requests for new counsel. In each instance, the respective court conducted, at least, the required "minimal inquiry" (People v Porto, 16 NY3d 93, 99-100 [2010]), and defendant failed to demonstrate good cause for a substitution. On each occasion, the court gave defendant a sufficient opportunity to air his grievances against counsel, "which constituted a suitable inquiry given the lack of substance of those complaints" (People v Colon, 145 AD3d 562 [1st Dept 2016], lv denied 29 NY3d 927 [2017]). The record fails to support defendant's assertion that he was prevented from fully stating his reasons for requesting new counsel.
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021