| |
|---|
| **People v Olivo-Feliz** |
| 2022 NY Slip Op 34827(U) |
| November 16, 2022 |
| County Court, Westchester County |
| Docket Number: Indictment No. 71757-22 |
| Judge: George E. Fufidio |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

        -against-

JOSE GREGORIO OLIVO-FELIZ,
PEDRO JUNIOR OLIVO-FELIZ,
NETALY PENA CAMILO &
IDANIS LORA ESPINAL

                             Defendants.

**DECISION & ORDER**
Indictment No.: 71757-22

**FILED**

**NOV 17 2022**

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

-------------------------------------------------------------------X

FUFIDIO, J.

Defendant, IDANIS LORA ESPINAL, having been indicted on or about July 11, 2022 for acting in concert with the above named defendants on one count each of criminal possession of a weapon in the first degree (Penal Law § 265.04[2]) has filed an omnibus motion which consists of a Notice of Motion, an Affirmation in Support and a Memorandum of Law. In response, the People have filed an Affirmation in Opposition together with a Memorandum of Law. Upon consideration of these papers, the stenographic transcript of the grand jury minutes this Court disposes of this motion as follows:

### A. MOTION TO INSPECT AND THE GRAND JURY MINUTES AND TO DISMISS AND/OR REDUCE THE INDICTMENT

Defendant moves pursuant to CPL §§210.20(1)(b) and (c) to dismiss the indictment, or counts thereof, on the grounds that the evidence before the Grand Jury was legally insufficient and that the Grand Jury proceeding was defective within the meaning of CPL §210.35. The Court has reviewed the minutes of the proceedings before the Grand Jury.

Pursuant to CPL §190.65(1), an indictment must be supported by legally sufficient evidence which establishes that the defendant committed the offenses charged. Legally sufficient evidence is competent evidence which, if accepted as true, would establish each and every element of the offense charged and the defendant's commission thereof (CPL §70.10[1]); *People v Jennings*, 69 NY2d 103 [1986]). "In the context of a grand jury proceeding, legal sufficiency means *prima facie* proof of the crimes charged, not proof beyond a reasonable doubt." *People v Bello*, 92 NY2d 523 (1998); *People v Ackies*, 79 AD3d 1050 (2nd Dept 2010). In rendering a determination, "[t]he reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of each element of the charged crimes and whether the grand jury could rationally have drawn the inference of guilt." *Bello, supra*, quoting *People v Boampong*, 57 AD3d 794 (2nd Dept 2008-- internal quotations omitted). As discussed below, a review of the minutes reveals that the evidence presented, if accepted as true, would be legally sufficient to establish every element of the offenses charged with respect to the charge that the Defendant aided and abetted her co-defendants in criminal possession in the first degree (see CPL §210.30[2]); however the Court

1

does not agree that the automobile presumption was applicable upon these facts nor was it properly instructed. A review of the minutes supports a finding that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, that the grand jurors who voted to indict heard all the "essential and critical evidence" (*see People v Collier*, 72 NY2d 298 [1988]; *People v Julius*, 300 AD2d 167 [1st Dept 2002], *lv den* 99 NY2d 655 [2003]). With the exception of the automobile presumption, *infra*, the Grand Jury was properly instructed (*see People v Calbud*, 49 NY2d 389 [1980] and *People v. Valles*, 62 NY2d 36 [1984]).

The Defendant was arrested on June 24, 2022 after an investigation into her co-defendants determined that they were running guns from the Washington D.C. area to Yonkers, New York. The date she was arrested, the People allege, that she was in the driver's seat of a car outside of 85 Riverdale Avenue in Yonkers. The People allege that her co-defendant/boyfriend Pena-Camilo, went into the trunk of the car in question and removed a bag of 19 guns that he later brought inside 85 Riverdale Avenue which ended up abandoned on the roof of that building.

In this case, after the People were informed pursuant to *People v Coleman*, 131 AD3d 705 [2nd Dept. 2015] that the Court had concerns about the sufficiency of their proof before the grand jury with respect to *any* criminal behavior on the part of this Defendant (Court's Exhibit 1), the People and the Defendant offered submissions on that point (Court's Exhibit 2). The People responded by saying that the Defendant's weapons possession charge was based upon the automobile presumption set forth in Penal Law section 265.15[3] and the Defendant responded by pointing out that the bag of guns the Defendant is alleged to have possessed was ultimately found on a nearby rooftop, but that the evidence lacks anything that shows that the bag of guns was the same bag taken from the car by co-defendant Pena-Camilo or that there were even guns in that bag and finally, that there was no evidence that Pena-Camilo was the one who left the bag on the rooftop. Resolving the inferences raised by the Defendant in the People's favor, as the Court must do (*Bello, supra*), the Court then asked for clarification as to whether the automobile presumption is even applicable to this scenario where the guns were not even found near, let alone in the car and that Pena-Camilo had clearly taken possession of them by removing them from the car.

The automobile presumption was enacted to enable more efficient enforcement of weapons possession laws and to combat the problem that convictions were near impossible to obtain against defendants in a car in which a loose gun was found because it was virtually impossible to prove that any one occupant was in traditional *actual* possession of such a gun (*People v Logan*, 94 NYS2d 681 [Sup. Ct. Kings Co. 1949]; *see also, People ex rel. DeFeo v Warden of City Prison*, 136 Misc 836 [Sup. Ct. Kings Co. 1930]). The modern incarnation of this law, formerly Penal Section sec. 1898-a, is Penal Law sec. 265.15 which reads in pertinent part, that, "The *presence in an automobile*...of any firearm...is presumptive evidence of its possession by all persons occupying such automobile *at the time such weapon...is found*...except...if such a weapon...is found upon the person of one of the occupants therein...." (Penal Law sec. 265.15[3], *emphasis added*). There is an overwhelming amount of jurisprudence on how to determine whether or not an occupant of a car is in actual possession of the weapon in question so as to negate the presumption (*see, e.g. People v Lemmons*, 40 NY2d 505 [1976]). Although there is authority, albeit much less on whether the presumption applies to weapons found outside of the car it has been found to apply in certain situations where it is impossible to discern actual possession. However, *People v Drayton-Archer*, 159 AD3d 919 [2nd Dept. 2018] is instructive on this point as the Court determines the facts to be in this case. In

2

[* 2]

*Drayton-Archer*, the defendant was the driver of a car who led police on a chase through Queens, New York. While in flight, one of the car's passengers threw a gun from the rear passenger's side window. After trial in which the jury was instructed on the automobile presumption, the defendant was convicted of, *inter alia*, two counts of criminal possession of a weapon in the second degree (*Drayton-Archer* at 919-20). The Court found that the automobile presumption was inapplicable to that case because both police officers who testified at trial said that the gun that was thrown from the window, "was seen solely in the physical possession of the other occupant of the vehicle," and thus there was, "clear-cut evidence that the gun was observed exclusively in the possession of an identified occupant of the vehicle" (*Id.* at 920-21). The Court found this to be harmful error because they could not discern whether the convictions were predicated on the inapplicable automobile presumption on which the jury was instructed or the alternative theories of constructive possession and accomplice liability on which they were also instructed, so they vacated the defendant's convictions and remanded the case for a new trial on the vacated counts (*Id.* at 921).

Although, at no point during Officer Bragg's testimony before the grand jury or anyone else's testimony for that matter, did anyone offer any competent evidence that co-defendant Pena-Camilo removed anything from the car or indeed that he was even in the car at any point (*see, People v Swamp*, 84 NY2d 725 [1995]), video evidence was admitted that showed Netaly Pena-Camilo was the sole possessor of the guns and the video serves to demonstrate by clear-cut evidence that co-defendant Pena-Camilo was exclusively in possession of the bag of guns that was taken by him from the trunk and carried by him into the building where it was ultimately found (*See also, People v Willingham*, 158 AD3d 1158 [4th Dept. 2018][Police observed co-defendant carrying a distinctive rifle into the rear left passenger door of a car they were surveilling. As the car drove off, they followed, but lost sight of the car. Once the car was stopped and searched, no rifle was found, but in the area where they lost sight of the car the distinctive rifle was found. Willingham, who was the rear right passenger was convicted by an application of the automobile presumption and the Court found the presumption to be inapplicable when the evidence showed that the gun was not found in the vehicle and that someone else was in clearcut possession of the gun]).

Next, at the end of the presentation of evidence, the grand jury was instructed on accomplice liability for Lora-Espinal acting in concert with her co-defendants to possess guns on June 24, 2022 and the Penal Law sec. 265.15 automobile presumption. The Court has no problem with the accomplice liability instruction that was given generally in the course of the instruction phase, but finds the automobile presumption instruction to be improper, in addition to being inapplicable. The People initially instructed the automobile presumption as, "the presence of a pistol or any other firearm in an automobile is presumptive evidence of a possession by all persons occupying that vehicle at the time the pistol is found. Where the Court finds fault is with the advice given by the People regarding the automobile presumption after the initial instruction above, wherein the grand jury was told that, "the presumption means that if, after consideration of all the evidence in this case you find that the defendants occupied the automobile at the time that the pistols were in the vehicle, therefore you may infer that this defendant or the defendant each possessed those firearms...". Although, the Court is aware that a grand jury does not need to be instructed with the same precision as a petit jury (*People v Valles*, 62 NY2d 36 [1984]), the instructions given were such a deviation from the model criminal jury instruction, that it is this Court's opinion that the instructions given misstates the law and unlawfully broadens the scope of the presumption by stating that the only requirement is

3

that the gun and the defendant were in the car together at some point in time, regardless of when and where the gun or the defendant were ultimately found. This is a far looser interpretation of the law than that set forth in the model jury instructions which read, "Under our law, the presence in an automobile…of any firearm is presumptive evidence of its possession by all persons occupying such automobile *at the time such weapon is found*…what this means is that, if the People have proven beyond a reasonable doubt that the gun was present in an automobile…and that the defendant was occupying such automobile at the time such gun was found…then you may, but are not required to, infer from those facts that the defendant possessed the gun…"

Regarding the theory that the Defendant and her co-defendants acted in concert together; the Court finds virtually no evidence of this. At best based on the competent evidence, they can show that a phone that is financially linked to a Netaly A. Espinal, travelled from the Washington D.C. area to Yonkers on or around June 24, 2022. Even assuming that the phone belonged to Lora-Espinal and not Netaly Pena-Camilo, despite testimony that the phone was associated with Pena-Camilo, it does not remotely show that Lora-Espinal was aiding and abetting and acting in concert with the other three co-defendants to possess guns on June 24, 2022 or that she had any knowledge of what they were doing with the guns. Only the fact that she was arrested in the driver's seat of a car that travelled from Washington D.C. to Yonkers and had up until a few moments before her arrest, a bag full of guns in it, changes that determination and only by stretching the possible inferences to their near breaking point, to conclude that somehow she helped the other three defendants by driving the guns to 85 Riverside Avenue.

However, because the Court, like the Court in *Drayton-Archer* cannot tell upon which theory the grand jury relied in finding a true bill for this defendant, the indictment is dismissed and the People are granted leave to represent the case.

Because the indictment is dismissed, the Court will not decide the remainder of the motion.

The foregoing constitutes the opinion, decision and order of this Court.

Dated: White Plains, New York
November 16, 2022

Honorable George E. Fufidio
Westchester County Court Justice

To:

HON. MIRIAM E. ROCAH
District Attorney, Westchester County
111 Dr. Martin Luther King, Jr. Boulevard
White Plains, New York 10601
BY:
    RACHEL EHRHARDT, ESQ
    Assistant District Attorney

MICHAEL WIENER, ESQ.
Attorney for the Defendant

4

[* 4]