People v Baldner (2025 NY Slip Op 03602)

People v Baldner

2025 NY Slip Op 03602

Decided on June 12, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2025

No. 55 

[*1]The People & c., Respondent,
v
Christopher Baldner, Appellant.

John Ingrassia, for appellant.
Matthew Keller, for respondent.

MEMORANDUM:
The order of the Appellate Division should be affirmed.
"In the context of a grand jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (People v Bello, 92 NY2d 523, 526 [1998] [internal citation omitted]). "The reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes . . . ." (id. [internal quotation marks omitted]). "That other, innocent inferences could possibly be drawn from [the evidence presented to the grand jury] is irrelevant to the sufficiency inquiry where, as here, the grand jury could rationally have drawn the guilty inference" (People v Edwards, 36 NY3d 946, 947 [2020] [internal quotation marks omitted]).
The evidence presented to the grand jury was legally sufficient to demonstrate that defendant acted with depraved indifference to human life (see Penal Law §§ 125.25 [2], 120.25). "[A] person who is depravedly indifferent is not just willing to take a grossly unreasonable risk to human life—that person does not care how the risk turns out" (People v Maldonado, 24 NY3d 48, 53 [2014], quoting People v Lewie, 17 NY3d 348, 359 [2011]). Defendant's arguments are essentially challenges to the weight of the evidence, and thus not properly considered on appellate review of a challenge to the legal sufficiency of an indictment (see People v Swamp, 84 NY2d 725, 730 [1995] ["The reviewing court must . . . defer( ) all questions as to the weight or quality of the evidence"]). Even considering only the evidence as to which defendant raises no admissibility objections, we conclude that the evidence [*2]presented to the grand jury was sufficient to establish prima facie proof of the crimes charged (see People v Avant, 33 NY2d 265, 271 [1973]).
Order affirmed, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided June 12, 2025