THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v Issac BOAMPONG, Respondent. [869 NYS2d 586]

A court reviewing the legal sufficiency of grand jury evidence must view the evidence in the light most favorable to the People and determine whether that evidence, if unexplained and uncontradicted, would be sufficient to support a verdict of guilt after a trial (*see People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]). The reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of each element of the charged crimes and whether the grand jury could rationally have drawn the inference of guilt (*see People v Bello*, 92 NY2d 523, 526 [1998]). The existence of inferences of innocence arising from the evidence has no bearing upon the legal sufficiency inquiry (*see People v Deegan*, 69 NY2d 976 [1987]). Viewing the evidence in the light most favorable to the People, we find that the evidence presented to the grand jury was legally sufficient to support count one of the indictment charging the defendant with rape in the third degree (Penal Law § 130.25 [1]), count two of the indictment charging the defendant with incest (Penal Law § 255.25), and count three of the indictment charging the defendant with sexual misconduct (Penal Law § 130.20 [1]). Specifically, the testimony of the complainant, coupled with the testimony of the detective, was legally sufficient to establish the element of sexual intercourse required for each of the stated counts. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur.