| People v Rhames |
| :---: |
| 2021 NY Slip Op 34141(U) |
| August 23, 2021 |
| Supreme Court, Westchester County |
| Docket Number: Ind. 21-0304 |
| Judge: Susan M. Capeci |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,

-against-


SHAUN RHAMES,
                                    Defendant.
-------------------------------------------------------------------X

DECISION AND ORDER
Ind. 21-0304

FILED
AND
ENTERED
ON 8-23 20 21
WESTCHESTER
COUNTY CLERK

The defendant, charged by indictment with two counts of assault in the second degree (P.L. 120.05 (2) and 120.05 (12)), unlawful imprisonment in the first degree (P.L. 135.10), criminal possession of a weapon in the fourth degree (P.L. 265.01 (2)), and menacing in the second degree (P.L. 120.14 (1)), makes this omnibus motion seeking: 1) inspection of the grand jury minutes by the Court and the defendant, and thereafter, for the dismissal of the indictment and/or reduction of the charges contained therein; 2) suppression of physical evidence, or a Mapp/Dunaway hearing; 3) suppression of the statements alleged to have been made by her, with the exception of her Grand Jury testimony, or in the alternative, for a Huntley hearing; 4) a Sandoval/Ventimiglia/Molineux hearing; 5) disclosure of Brady material; and 6) a reservation of rights to make further pre-trial motions as necessary.

The People consent to an *in camera* review by the Court of the Grand Jury minutes for legal sufficiency and the release of the grand jury testimony to the defendant, consent to a Sandoval/Ventimiglia/Molineux hearing, to a Huntley hearing limited to defendant's 5th amendment claims, and to a Mapp hearing, but otherwise oppose the motion. The Court now finds as follows.

FILED

AUG 2 3 2021

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

1.  <u>MOTION TO INSPECT THE GRAND JURY MINUTES</u>

    <u>AND TO DISMISS AND/OR REDUCE THE INDICTMENT</u>

Defendant moves pursuant to CPL §§210.20(1)(b) and [c] to dismiss the indictment, or counts thereof, on the grounds that the evidence before the Grand Jury was legally insufficient and that the Grand Jury proceeding was defective within the meaning of CPL §210.35. The Court has reviewed the minutes of the proceedings before the Grand Jury.

Pursuant to CPL §190.65 (1), an indictment must be supported by legally sufficient evidence which establishes that the defendant committed the offenses charged. Legally sufficient evidence is competent evidence which, if accepted as true, would establish each and every element of the offense charged and the defendant's commission thereof (CPL §70.10[1]); <u>People v Jennings</u>, 69 NY2d 103 [1986]). "In the context of a grand jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (<u>People v Bello</u>, 92 NY2d 523 (1998); <u>People v Ackies</u>, 79 AD3d 1050 (2nd Dept 2010)). In rendering a determination, "[t]he reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of each element of the charged crimes and whether the grand jury could rationally have drawn the inference of guilt" (<u>Bello</u>, <u>supra</u>, quoting <u>People v Boampong</u>, 57 AD3d 794 (2nd Dept 2008-- internal quotations omitted).

A review of the minutes reveals that the evidence presented, if accepted as true, would be legally sufficient to establish every element of the offenses charged (<u>see</u> CPL

2

§210.30[2]). Accordingly, Defendant's motion to dismiss or reduce for lack of sufficient evidence is denied.

With respect to Defendant's claim that the Grand Jury proceeding was defective within the meaning of CPL §210.35, a review of the minutes supports a finding that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, that the grand jurors who voted to indict heard all the "essential and critical evidence" (see People v Collier, 72 NY2d 298 [1988]; People v Julius, 300 AD2d 167 [1st Dept 2002], lv den 99 NY2d 655 [2003]), and that the Grand Jury was properly instructed (see People v Calbud, 49 NY2d 389 [1980] and People v Valles, 62 NY2d 36 [1984]). With respect to the defendant's contention that a justification charge should have been given to the Grand Jury, such charge was in fact given, and was done so properly in accordance with applicable law.

In making this determination, the Court does not find that release of such portions of the Grand Jury minutes as have not already been disclosed pursuant to CPL Article 245 to the parties was necessary to assist the Court.

2.    MOTION TO SUPPRESS PHYSICAL EVIDENCE

The defendant moves to suppress all physical evidence seized from her person, as well as evidence seized from any area in which she had an expectation of privacy, including her home, as having been improperly seized following her unlawful arrest.

The defendant's motion for a Dunaway hearing as to probable cause for her arrest is denied, as she has not made any allegations of fact, sworn or otherwise, to support her claim that she was unlawfully arrested. Moreover, the information provided

3

to her as discovery indicates ample probable cause for her arrest. The defendant made a 911 call to police, reporting that the victim was injured, and suggesting she caused the injuries. Upon their arrival at the scene, the police officers found the victim outside the home, bleeding, with visible injuries, and observed the defendant standing outside the doorway holding two bloody knives. The defendant then made further statements about having caused the victim's injuries. Thus, as probable cause existed for her arrest, any evidence recovered from the defendant's person was seized incident to her lawful arrest (People v Belton, 55 NY2d 49 (1982)).

However, since there is a factual issue as to the circumstances under which evidence was subsequently obtained from the defendant's home, the defendant's motion for a Mapp hearing is granted, on consent (People v Mendoza, 82 NY2d 415 (1993); People v Bryant, 8 NY3d 530 (2007)). The People assert that the defendant's consent to enter her home was voluntarily given, and that the items of evidence that were seized from the home were in "plain view." These issues shall be considered at a hearing with respect to the seizure of this evidence.

3.    MOTION TO SUPRESS STATEMENTS

The People have served the defendant with 6 separate CPL 710.30 notices with respect to oral statements alleged to have been made by her to law enforcement authorities[1]. The defendant argues that 5 of these noticed statements, with the

---

1 The statements, each made to members of the Mt. Vernon Police Department, are as follows: 1) Oral statement recorded electronically, made Feb. 21, 2021, at 12:26 pm, at 600 South 8th Avenue, Mt Vernon, NY via 911 call; 2) Oral statement recorded electronically, made Feb. 21, 2021, at 12:45 pm, at 600 South 8th Avenue, Mt Vernon, NY via 911 call; 3) Oral statement recorded electronically, via body cam, made Feb. 21, 2021, at 12:50 pm, in the area of 600 South 8th Avenue, Mt Vernon, NY; 4) Oral statement recorded electronically, via body cam, made Feb. 21, 2021, at 4:30 pm, at Montefiore Mt. Vernon Hospital, Mt Vernon, NY; 5) Oral statement made Feb. 21, 2021, from 6pm to 10 pm, in the cell block at Mt. Vernon Police Department, to PO Mendez. A 6th statement made before the

4

exception of the statement made to the Grand Jury, should be suppressed as involuntarily made.

The defendant's motion for suppression of the above statements as set forth in the CPL 710.30 notices is granted to the extent that the Court will conduct a <u>Huntley</u> hearing prior to trial concerning the 5 noticed statements allegedly made by the defendant for the purpose of determining whether <u>Miranda</u> warnings were necessary and, if so, whether she was so advised and made a knowing, intelligent and voluntary waiver thereof, or whether the statements were otherwise involuntarily made within the meaning of CPL 60.45. As more fully discussed in Point 2, <u>supra</u>, the defendant's motion for a hearing based upon her claim of unlawful arrest is denied.

To the extent the defendant moves to preclude any statement evidence not noticed to her, this motion is denied as premature, as the People have not indicated they are seeking to introduce any such evidence at trial.

4.  <u>MOTION FOR SANDOVAL/VENTIMIGLIA/MOLINEUX HEARING</u>

Granted, solely to the extent that <u>Sandoval/Ventimiglia/Molineux</u> hearings, as the case may be, shall be held immediately prior to trial, as follows:

A.      Pursuant to CPL §245.20, the People must notify the Defendant, not less than fifteen days prior to the first scheduled date for trial, of all specific instances of Defendant's uncharged misconduct and criminal acts of which the People have knowledge and which the People intend to use at trial for purposes of impeaching the credibility of the Defendant, or as substantive proof of any material issue in the case,

---

Grand Jury on May 19, 2021, is not subject to the suppression motion.

5

designating, as the case may be for each act or acts, the intended use (impeachment or substantive proof) for which the act or acts will be offered; and

B.      Defendant, at the ordered hearing, must then sustain her burden of informing the Court of the prior misconduct which might unfairly affect her as a witness in her own behalf (see People v Malphurs, 111 AD2d 266 [2nd Dept. 1985]).

5.      MOTION FOR DISCLOSURE OF BRADY MATERIAL

Defendant's motion for discovery is granted to the extent provided for in Criminal Procedure Law Article 245 and/or already provided by the People. If any items set forth in CPL Article 245 have not already been provided to Defendant pursuant to that Article, said items are to be provided forthwith. The People acknowledge their continuing obligation to disclose exculpatory material within their possession and will provide any such material to the defendant.

6.      MOTION FOR A RESERVATION OF RIGHTS TO MAKE FURTHER PRE-TRIAL MOTIONS

The defendant requests leave to make further motions as necessary. The defendant's motion is denied. CPL 255.20 is controlling with respect to the time frame for making pre-trial motions and there have been no allegations of good cause for making further motions outside of those time constraints. Any such request will be considered at the time it is made.

This constitutes the Decision and Order of this Court.

Dated:      August 23, 2021
            White Plains, New York

_____
HON. SUSAN M. CAPECI, A.J.S.C.

6

To: Hon. Miriam E. Rocah
Westchester County District Attorney
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
Att: Janelle G. Armentano, Esq.
Assistant District Attorney

Angelo G. MacDonald., Esq.
Attorney for Defendant
200 West 60th Street, Suite 3C
New York, New York 10023

7