| People v Bautista-Hernandez |
|:---:|
| 2021 NY Slip Op 34143(U) |
| September 30, 2021 |
| County Court, Westchester County |
| Docket Number: Ind. No. 21-0390 |
| Judge: David S. Zuckerman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

-against-

YORDANY BAUTISTA-HERNANDEZ,

Defendant.
------------------------------------X

FILED

OCT 1 3 2021

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

**DECISION & ORDER**

Ind. No.: 21-0390

**ZUCKERMAN, J.**

Defendant stands accused under Indictment No. 21-0390 of three counts of Manslaughter in the Second Degree (Penal Law §125.15[1]), and three counts of Criminally Negligent Homicide (Penal Law §125.10). As set forth in the Indictment, it is alleged that, on or about September 25, 2020, Defendant, in Westchester County, New York, recklessly, and with criminal negligence, caused the death of three persons. By Notice of Motion dated August 30, 2021, with accompanying Affirmation and Memorandum of Law, Defendant moves for omnibus relief. In response, the People have submitted an Affirmation in Opposition with Memorandum of Law dated September 10, 2021.

The motions are disposed of as follows:

**A.    DISCOVERY AND INSPECTION**

Defendant's motion for discovery is granted to the extent provided for in Criminal Procedure Law Article 245 and/or already provided by the People. Defendant's motion for identification of

a confidential informant is denied, as such information is not discoverable pursuant to CPL §245.20©. If any items set forth in CPL Article 245 as discoverable have not already been provided to Defendant pursuant to that Article, said items are to be provided forthwith. Any party is granted leave, if required, to apply for a Protective Order in compliance with CPL Article 245, upon notice to the opposing party and any party affected by said Protective Order. The People are directed to file a Certificate of Compliance with CPL Article 245 and the instant Order upon completion of their obligations thereunder, if they have not already done so. The People's cross-motion for reciprocal discovery is likewise granted to the extent provided for in Criminal Procedure Law Article 245, and/or already provided to the People. The People are further reminded that any response to a demand for a bill of particulars by Defendant shall adequately inform Defendant of the substance of the alleged conduct, and in all respects comply with CPL Article 245 and §200.95, within 15 days of the date of the request.

In addition, pursuant to Administrative Order 393/19, it is

**ORDERED** that the District Attorney and the Assistant District Attorney responsible for the case, are required to make timely disclosure of information favorable to the defense as required by *Brady v Maryland,* 373 US 83 [1963]; *Giglio v United States,* 405 US 150 [1972]; *People v Geaslen,* 54 NY2d 510 [1981];

[* 2]

and their progeny under the United States and New York State Constitutions and by Rule 3.8(b) of the New York State Rules of Professional Conduct; and it is further

**ORDERED**, that the District Attorney and the Assistant District Attorney responsible for the case or, if the matter is not being prosecuted by the District Attorney, the prosecuting agency and its assigned representatives, have a duty to learn of such favorable information that is known to others acting on the government's behalf in the case, including the police, and are therefore expected to confer with investigative and prosecutorial personnel who acted in the case and to review all files which are directly related to the prosecution or investigation of this case. For purposes of this Order, favorable information can include but is not limited to:

a) Information that impeaches the credibility of a testifying prosecution witness, including (I) benefits, promises, or inducements, express or tacit, made to a witness by a law enforcement official or law enforcement victim services agency in connection with giving testimony or cooperating in the case;

(ii) a witness's prior inconsistent statements, written or oral;

(iii) a witness's prior convictions and uncharged criminal conduct;

(iv) information that tends to show that a witness has a

motive to lie to inculpate the defendant, or a bias against the defendant or in favor of the complainant or the prosecution; and

(v) information that tends to show impairment of a witness's ability to perceive, recall, or recount relevant events, including impairment resulting from mental or physical illness or substance abuse;

b) Information that tends to exculpate, reduce the degree of an offense, or support a potential defense to a charged offense;

c) Information that tends to mitigate the degree of the defendant's culpability as to a charged offense. or to mitigate punishment;

d) Information that tends to undermine evidence of the defendant's identity as a perpetrator of a charged crime, such as a non-identification of the defendant by a witness to a charged crime or an identification or other evidence implicating another person in a manner that tends to cast doubt on the defendant's guilt; and

e) Information that could affect in the defendant's favor the ultimate decision on a suppression motion; and it is further

**ORDERED**, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent prosecuting the case is hereby advised of his/her duty to disclose favorable information whether or not such information is

recorded in tangible form and irrespective of whether the prosecutor credits the information; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent responsible for the prosecution of the case is directed that favorable information must be timely disclosed in accordance with the United States and New York State constitutional standards, as well as CPL Article 245. Disclosures are presumptively "timely" if they are completed no later than 30 days before commencement of trial in a felony case and 15 days before commencement of trial in a misdemeanor case. Records of a judgment of conviction or a pending criminal action ordinarily are discoverable within the time frame provided in CPL Article 245. Disclosures that pertain to a suppression hearing are presumptively "timely" if they are made no later than 15 days before the scheduled hearing date; and it is further

ORDERED, that the District Attorney and the Assistant District Attorney responsible for the case or any other agent responsible for the prosecution of the case is hereby reminded and informed that his/her obligation to disclose is a continuing one; and it is further

ORDERED, notwithstanding the foregoing, that a prosecutor may apply for a protective order, which may be issued for good cause, and CPL Article 245 shall be deemed to apply, with respect

to disclosures required under this Order. Moreover, the prosecutor may request a ruling from the court on the need for disclosure. Only willful and deliberate conduct will constitute a violation of this Order or be eligible to result in personal sanctions against a prosecutor; and it is further

**ORDERED**, that counsel for the defendant is required to:

a) confer with the defendant about his/her case and is required to keep the defendant informed about all significant developments in the case; and

b) timely communicate any and all plea offers to the defendant and to provide him/her with reasonable advice about the advantages and disadvantages of any such plea offer including the potential sentencing ranges that apply in the case;

c) where applicable, insure the defendant receives competent advice concerning immigration consequences as required under *Padilla v Kentucky*, 559 US 356 [2010];

d) perform a reasonable investigation of the facts and the law pertinent to the case (including, as applicable, visiting the scene, interviewing witnesses, subpoenaing pertinent materials, consulting experts; inspecting exhibits, reviewing all discovery materials obtained from the prosecution, researching legal issues, etc.) or, as appropriate, making a reasonable professional judgment not to investigate a particular matter;

e) comply with the requirements of the New York State Rules

of Professional Conduct regarding conflicts of interest, and when appropriate, timely notify the court of a possible conflict so that an inquiry may be undertaken or a ruling made;

f) possess or acquire a reasonable knowledge and familiarity with criminal procedural and evidentiary law to ensure constitutionally effective representation in the case; and

g) in accordance with statute, provide notices as specified in CPL sections 250.10, 250.20 and 250.30. (e.g., a demand, intent to introduce the evidence, etc.)

### B. MOTION FOR A *MAPP/DUNAWAY* HEARING/TO SUPPRESS THE RESULTS OF A BLOOD TEST

Defendant moves to suppress all physical evidence which the People seek to introduce against him at trial, including searches of his vehicle and a phone, a blood seizure, and the results of the blood test which followed the seizure, alleging that they were recovered after a search that was not based on probable cause, were not consented to, nor conducted pursuant to VTL §1194. The People, in their Affirmation in Opposition, state that there was no impropriety in the searches conducted and seizures made and add, in particular, that any evidence taken from Defendant's vehicle and cell phone, and the blood from his person, were seized pursuant to a search warrant.

The results of a search conducted pursuant to a lawful search or arrest warrant is not subject to a suppression hearing.

*People v. Arnau*, 58 NY2d 27 (1982). The court has reviewed the affidavits in support of the search (and blood) warrants, and finds that they provided the issuing magistrate with ample probable cause to support issuance of the warrants. Further, this court reviewed the search orders and finds them to be proper in all respects. Finally, the court notes that, according to the Voluntary Disclosure Form and People's Affirmations filed in this action, the People have provided defense counsel with access to the search warrants.

Regarding the blood seizure and test, the People assert that Defendant consented to the collection procedure of the blood sample. Consequently, the motion to suppress physical evidence is granted to the extent that a pre-trial *Mapp/Dunaway/VTL §1194* hearing is ordered to determine the propriety of the search and seizure leading to law enforcement officers obtaining Defednant's blood and subsequent testing of same.

## C. MOTION TO SUPPRESS STATEMENT EVIDENCE/FOR A *HUNTLEY* HEARING

Defendant moves, pursuant to CPL §710.20(3), to suppress noticed statements. The People, in their Affirmation in Opposition, state that there was no impropriety in gathering the statements attributable to Defendant, but consent to a hearing on the issue. Consequently, the motion to suppress noticed statements is granted, to the extent that a *Huntley* hearing is

[* 8]

ordered to determine the propriety of those statements.

**D.   MOTION TO SUPPRESS IDENTIFICATION EVIDENCE/FOR A *WADE* HEARING**

Defendant moves, pursuant to CPL §710.20(3), to suppress identification evidence. The People, in their Affirmation in Opposition, state that there was no identification procedure involving Defendant. Consequently, the motion to suppress identification evidence is denied, with leave to renew at such time, if any, that the People seek to offer any such evidence.

**E.   MOTION TO INSPECT THE GRAND JURY MINUTES AND TO DISMISS AND/OR REDUCE THE INDICTMENT**

Defendant moves pursuant to CPL §§210.20(1)(b) and (c) to dismiss the indictment, or counts thereof, on the grounds that the evidence before the Grand Jury was legally insufficient and that the Grand Jury proceeding was defective within the meaning of CPL §210.35. The Court has reviewed the minutes of the proceedings before the Grand Jury.

Pursuant to CPL §190.65(1), an indictment must be supported by legally sufficient evidence which establishes that the defendant committed the offenses charged. Legally sufficient evidence is competent evidence which, if accepted as true, would establish each and every element of the offense charged and the defendant's commission thereof (CPL §70.10[1]); *People v Jennings*, 69 NY2d 103 [1986]). "In the context of a grand jury proceeding, legal sufficiency means prima facie proof of the

[* 9]

crimes charged, not proof beyond a reasonable doubt." *People v Bello*, 92 NY2d 523 (1998); *People v Ackies*, 79 AD3d 1050 (2nd Dept 2010). In rendering a determination, "[t]he reviewing court's inquiry is limited to whether the facts, if proven, and the inferences that logically flow from those facts supply proof of each element of the charged crimes and whether the grand jury could rationally have drawn the inference of guilt." *Bello, supra*, quoting *People v Boampong*, 57 AD3d 794 (2nd Dept 2008-- internal quotations omitted). The court notes that Defendant, having previously been provided with a transcript of the Grand Jury proceedings, has not asserted any specific objection regarding the Grand Jury presentation.

A review of the minutes reveals that the evidence presented, if accepted as true, would be legally sufficient to establish every element of the offenses charged (see CPL §210.30[2]. Accordingly, Defendant's motion to dismiss or reduce for lack of sufficient evidence is denied. With respect to Defendant's claim that the Grand Jury proceeding was defective within the meaning of CPL §210.35, a review of the minutes supports a finding that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, that the grand jurors who voted to indict heard all the "essential and critical evidence" (*see People v Collier*, 72 NY2d 298 [1988]; *People v Julius*, 300 AD2d 167 [1st

Dept 2002], *lv den* 99 NY2d 655 [2003]), and that the Grand Jury was properly instructed (*see People v Calbud*, 49 NY2d 389 [1980] and *People v. Valles*, 62 NY2d 36 [1984]). In making this determination, the Court does not find that release of such portions of the Grand Jury minutes as have not already been disclosed pursuant to CPL Article 245 to the parties was necessary to assist the Court.

**F.    MOTION FOR *SANDOVAL/VENTIMIGLIA/MOLINEUX* HEARING**

Granted, solely to the extent that *Sandoval/Ventimiglia/Molineux* hearings, as the case may be, shall be held immediately prior to trial, as follows:

A.    Pursuant to CPL §245.20, the People must notify the Defendant, not less than fifteen days prior to the first scheduled date for trial, of all specific instances of Defendant's uncharged misconduct and criminal acts of which the People have knowledge and which the People intend to use at trial for purposes of impeaching the credibility of the Defendant, or as substantive proof of any material issue in the case, designating, as the case may be for each act or acts, the intended use (impeachment or substantive proof) for which the act or acts will be offered; and

B.    Defendant, at the ordered hearing, must then sustain his burden of informing the Court of the prior misconduct which might unfairly affect him as a witness in his own behalf (*see,*

*People v. Malphurs*, 111 AD2d 266 [2nd Dept. 1985]).

All other motions are denied.

Dated: White Plains, New York
September 30, 2021

_____
HON. DAVID S. ZUCKERMAN, A.J.S.C.


DARNELL D. CROSSLAND, ESQ.
Attorney for Defendant
1200 Summer Street, Suite 202
Stanford, CT 06905


HON. MIRIAM E. ROCAH
District Attorney, Westchester County
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
BY: Daniel Flecha, Esq.
    Assistant District Attorney

[* 12]