■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH MORENO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN MATA, Appellant. [953 NYS2d 202]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered August 10, 2011, convicting defendant Kenneth Moreno, after a jury trial, of three counts of official misconduct, and sentencing him to concurrent terms of one year, and judgment, same court and Justice, rendered August 8, 2011, convicting defendant Franklin Mata, after a jury trial, of three counts of official misconduct, and sentencing him to concurrent terms of 60 days, with three years' probation, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5) as to both defendants.

We find that the verdict was based on legally sufficient evidence. We further find that it was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]).

To establish the crime of official misconduct, the People had to prove that each defendant committed an act "relating to his office" that constituted an "unauthorized exercise of his official functions," that he knew the act was unauthorized, and that he acted with the intent to obtain a benefit (Penal Law § 195.00 [1]). An action taken by a public servant that is "completely unrelated to his [or her] position" is not "within the scope of his [or her] real or apparent authority" (People v Rossi, 69 AD2d 778, 779 [1st Dept 1979], affd 50 NY2d 813 [1980]).

Defendants were police officers who initially responded to a taxi driver's 911 call reporting an intoxicated passenger who was unable to get out of the cab. Defendants assisted the passenger in getting out of the cab and escorted her to her apartment. The passenger complainant, who was vomiting, asked them to return and asked them to take her keys. Although not assigned to do so, and while giving their command false information as to their whereabouts, defendants returned three additional times that night to the complainant's apartment. While the events that occurred in the apartment are in dispute and were the subject of charges of which defendants were acquitted, the evidence establishes that each defendant's intent was, at least, to socialize with the complainant with a view toward sexual intercourse, or to assist his partner in doing so.

Defendants' returns to the complainant's apartment occurred while they were in uniform and on duty. Their initial contact with the complainant arose from their patrol duties, in response to a 911 call, whereby defendants acquired the complainant's personal information, became aware of her vulnerable condition, and obtained her keys, permitting them to enter the build-

ing and her apartment. In addition, during one of the entries, defendants falsely assured the complainant's neighbor that they were investigating a report of a prowler.

Therefore, the evidence supported the conclusion that defendants' acts "relat[ed] to" their official position. Furthermore, the three entries at issue were unauthorized exercises of defendants' "official functions." While they had no duty to follow up on the complainant once they finalized the assignment, their actions nonetheless pertained to their official functions as police officers (*see People v Watson*, 32 AD3d 1199, 1202 [4th Dept 2006] [stopping car and kissing driver], *lv denied* 7 NY3d 929 [2006]). What rendered defendants' repeated entries into the apartment unlawful was not that they were beyond the scope of their police functions, but that their reentry had not been authorized by a legitimate assignment (*compare People v Rossi*, 69 AD2d at 779).

Entering a building or an apartment therein for the purpose of conducting an investigation or assisting an occupant is an official police function. Accordingly, making such an entry on the pretext of doing one of those things, when the police officer's actual intent is to obtain a personal benefit, would constitute official misconduct.

The instances of alleged prosecutorial misconduct cited by defendants did not deprive them of a fair trial. We conclude that in her summation the prosecutor misstated the law regarding the "benefit" element of official misconduct by suggesting that mere neglect of duty would qualify as a benefit (*see People v Feerick*, 93 NY2d 433, 446 [1999]). However, we find that reversal is not warranted. It was clear to the jury throughout the trial, including the summations, that the alleged benefit was not neglect of duty, but the prospect of sexual relations with the complainant. Furthermore, the court instructed the jury that the attorneys' summations were merely argument, advised the jury that the court, not the attorneys, would instruct the jury on the law, and delivered a correct charge on official misconduct. The jury is presumed to have followed the court's instructions.

We have considered and rejected defendants' remaining claims of prosecutorial misconduct. Concur—Mazzarelli, J.P., Friedman, Catterson and Freedman, JJ.