■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LOUIS ARCILA, Respondent. [59 NYS3d 141]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (T. Murphy, J.), entered April 11, 2016, as granted that branch of the defendant's motion which was to dismiss count three of the indictment on the ground that the evidence presented to the grand jury was legally insufficient.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant's motion which was to dismiss count three of the indictment is denied, count three of the indictment is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the indictment.

The defendant was indicted for, inter alia, official misconduct, in violation of Penal Law § 195.00 (1), based upon an allegation made by the complainant, that, on June 28, 2015, at 10:35 p.m., the defendant, an off-duty Village of Hempstead police officer, touched her breast and inner thigh, without her consent.

According to evidence presented before the grand jury, at the time of the alleged incident, the defendant had his police badge displayed, represented that he was a police officer, and stated to the complainant that he could give her a "ticket."

The defendant moved, among other things, to dismiss count three of the indictment, which charged official misconduct, contending that the evidence presented to the grand jury was legally insufficient in that it did not satisfy the element that he was acting in an official capacity related to his office. The Supreme Court granted that branch of the motion, and dismissed count three of the indictment.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted— and deferring all questions as to the weight or quality of the evidence—would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]; *People v Swamp*, 84 NY2d 725, 730 [1995]; *People v Manini*, 79 NY2d 561, 568-569 [1992]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Warren*, 98 AD3d 634, 635 [2012]). Legally sufficient evidence is defined as "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see People v Mills*, 1 NY3d at 274; *People v Bello*, 92 NY2d at 525-526; *People v Swamp*, 84 NY2d at 730; *People v Manini*, 79 NY2d at 568). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Bello*, 92 NY2d at 526; *see People v Deegan*, 69 NY2d 976, 978-979 [1987]; *People v Jennings*, 69 NY2d at 114). "The reviewing court's inquiry is limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan*, 69 NY2d at 979; *see People v Ackies*, 79 AD3d 1050, 1056 [2010]).

Here, contrary to the Supreme Court's determination, the evidence presented to the grand jury, when viewed in the light most favorable to the People, was legally sufficient to establish the charge of official misconduct, including the element that the defendant committed "an act relating to his office" (Penal Law § 195.00 [1]; *see People v Watson*, 32 AD3d 1199, 1202 [2006]; *see generally People v Flanagan*, 28 NY3d 644, 656-657 [2017]; *People v Feerick*, 93 NY2d 433, 445-449 [1999]; *People v*

*Moreno,* 100 AD3d 435, 436-437 [2012]). Accordingly, the court erred in granting that branch of the defendant's motion which was to dismiss count three of the indictment, which charged official misconduct. Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.