| People v Martinez |
| :---: |
| 2023 NY Slip Op 34720(U) |
| August 22, 2023 |
| County Court, Westchester County |
| Docket Number: Indictment No. 71205-23/002 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

       -against-                            DECISION & ORDER

MATEO MARTINEZ,                    Indictment No. 71205-23/002

                     Defendant.
------------------------------------------------------------------x
ROBERT J. PRISCO, J.

Defendant **MATEO MARTINEZ** is charged by Indictment Number 71205-23/002 with two counts of Attempted Assault in the Third Degree, as a Hate Crime, pursuant to Penal Law [PL] §§ 110.00, 120.00 (1) and 485.05 (1) (a) and (b) [Counts Six and Seven], one count of Attempted Assault in the Third Degree pursuant to PL §§ 110.00 and 120.00 (1) [Count Eight], one count of Aggravated Harassment in the Second Degree pursuant to PL § 240.30 (3) [Count Nine], and one count of Harassment in the Second Degree pursuant to PL § 240.26 (1) [Count Ten]. In sum and substance, the charges pertain to Defendant's alleged intentional selection of and attempt to commit physical injury to an individual, in whole or in substantial part, because of a belief or a perception regarding the national origin or ancestry of such person. It is alleged that the charged offenses occurred in the vicinity of 185 Main Street, in the Village of Ossining, at approximately 3:23 a.m., on September 9, 2022.

On May 15, 2023, Defendant was arraigned in the Westchester County Court on the charges contained in Indictment Number 71205-23/002. Attached to the Indictment are three (3) CPL § 710.30 (1) (a) Notices,[1] two (2) CPL § 710.30 (1) (b) Notices,[2] and the People's Demand

---

[1] The first CPL § 710.30 (1) (a) Notice pertains to oral statements that were allegedly made by Defendant at the "Corner of Maple Place, just West of 15 Maple Place," in the Village of Ossining, beginning at approximately 3:30 a.m., on September 9, 2022. The second CPL § 710.30 (1) (a) Notice pertains to electronically recorded oral statements that were allegedly made by Defendant "[s]tarting in the vicinity of 87 Spring Street and ending in the Village of Ossining Police Department Headquarters," beginning at approximately 4:22 a.m., on September 9, 2022. The third CPL § 710.30 (1) (a) Notice pertains to electronically recorded oral statements that were allegedly made by Defendant at the Village of Ossining Police Department Headquarters, beginning at approximately 11:04 a.m., on September 9, 2022.

[2] The two (2) CPL § 710.30 (1) (b) notices pertain to video identifications that were allegedly made in the Westchester County District Attorney's Office, on or about September 19, 2022.

1

for a Notice of Alibi pursuant to CPL § 250.20.

On May 16, 2023, the People served and filed, via email, a Certificate of Compliance pursuant to CPL § 245.50 (1), with an attached "Discovery Disclosure Index" that identifies the items and materials that have reportedly been disclosed or provided to defense counsel. Also attached to the Certificate of Compliance is a demand for Reciprocal Discovery pursuant to CPL § 245.20 (4). Within the People's Certificate of Compliance is a "Statement of Readiness," wherein the People state that they "confirm and announce their readiness for trial on all counts charged."[3]

On July 5, 2023, the Court received, via email, Defendant's Notice of Motion, an Affirmation in Support of Motion (hereinafter "Affirmation in Support"), and a Memorandum of Law in Support of Omnibus Motion (hereinafter "Memorandum of Law"), seeking various forms of judicial intervention and relief.

On July 6, 2023, the People served and filed, via email, a Supplemental Certificate of Compliance, which states that the Grand Jury minutes were provided to defense counsel. Within the Supplemental Certificate of Compliance is a "Statement of Readiness," wherein "[t]he People confirm and announce their readiness for trial on all counts charged."[4]

On August 9, 2023, the Court received the People's Affirmation in Opposition and Memorandum of Law in response to Defendant's motion for omnibus relief.

The Court is also in receipt of an unredacted certified copy of the stenographic transcript of the Grand Jury proceeding dated April 26, 2023, along with copies of the Grand Jury exhibits that were received in evidence.

After consideration of the above referenced submissions and unredacted certified stenographic transcript, the Court decides Defendant's Motion as follows:

---

[3] During a Court appearance on June 9, 2023, defense counsel acknowledged receipt of the People's Certificate of Compliance dated May 16, 2023. Although the Grand Jury minutes were still outstanding, the People confirmed their readiness for trial on the record when the Court made inquiry thereof pursuant to CPL § 30.30 (5).

[4] During a Court appearance on July 28, 2023, the People served and filed their Supplemental Certificate of Compliance dated July 6, 2023 on defense counsel. The People also confirmed their readiness for trial on the record when the Court made inquiry thereof pursuant to CPL § 30.30 (5).

[* 2]

## 1. MOTION FOR INSPECTION OF THE GRAND JURY MINUTES AND DISMISSAL OR REDUCTION OF THE CHARGES CONTAINED IN INDICTMENT NUMBER 71205-23/002 DUE TO THE LEGAL INSUFFICIENCY OF THE EVIDENCE PRESENTED AND THE INSTRUCTIONS PROVIDED.

Defendant moves for "[i]nspection and reduction or dismissal of the Indictment pursuant to CPL sections 210.20 and 210.30 due to the legal insufficiently of the proof submitted to the grand jury" (*see* Point 1, Page 1, of Defendant's Notice of Motion). Citing CPL §§ 210.20 (1) (b) and 210.30, Defendant requests that the Court also "inspect the Grand Jury minutes to determine, if, in fact, the evidence was sufficient" (*see* Page 2 of Defendant's Memorandum of Law).

Citing CPL § 210.20 (1) and (2), Defendant further requests that the Court review the Grand Jury minutes "to determine if the counts of the indictment ought not to be reduced to lesser charges" (*see* Pages 2-3 of Defendant's Memorandum of Law). "In addition, Counsel asks that the Grand Jury minutes be inspected to determine if the testimony given in the Grand Jury adequately described the specific actions of the defendant and that such testimony was legally sufficient to sustain the charges against the defendant" (*Id.* at Page 3). Finally, "the defense requests that this Court inspect the minutes to determine if the Grand Jury was properly instructed" (*Id.*).

In their response, the People consent to an in-camera inspection of the Grand Jury minutes by the Court (*see* Point D, Page 3, of the People's Memorandum of Law), contend that the indictment is supported by legally sufficient evidence (*Id.*), and assert that "Defendant has failed to meet [his] high burden of showing the existence of any error in the grand jury proceeding which rendered it defective" (*Id.* at Page 4).

To the extent that Defendant is requesting the Grand Jury minutes in their entirety, CPL § 245.20 (1) (b) provides for automatic discovery of "[a]ll transcripts of the *testimony* of a person who has testified before a grand jury" (emphasis added). "The language of the statute is clear and unambiguous; it requires the People to turn over the transcript of the testimony" (*People v Sellars*, 73 Misc3d 248, 250 [County Ct, Orange County 2021]; *see People v Askin*, 68 Misc3d 372, 382 [County Ct, Nassau County [2020]; *People v Rondon*, 67 Misc3d 1228(A), 2020 NY Slip Op. 50663(U) [County Ct, Orange County 2020]). Similarly, CPL § 210.30 (3), which addresses motions to inspect grand jury minutes, speaks only to the release of "grand jury *testimony*" (emphasis added). Accordingly, as there exists no statutory authority for the release to Defendant

3

[* 3]

of those portions of the Grand Jury minutes that constitute colloquy or instructions, and as the People have complied with the discovery mandate of CPL § 245.20 (1) (b) by providing the defendant with the transcript of the grand jury testimony on July 6, 2023, to the extent that Defendant is requesting the Grand Jury minutes in their entirety, such request is denied.

The Court has conducted an in-camera review of the entirety of the Grand Jury proceeding, having examined an unredacted certified copy of the stenographic transcript of the April 26, 2023 presentation.

On April 26, 2023, prior to the commencement of the given sworn testimony, the People specifically inquired of and confirmed with the foreperson that twenty-three (23) grand jurors were present. As the presentation of this matter took place without interruption or recess, the Court is satisfied that the twenty-three (23) grand jurors who deliberated and voted on the charges contained in Indictment Number 71205-23/002 were present throughout the one-day presentation thereof.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted – and deferring all questions as to the weight or quality of the evidence – would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Edwards*, 36 NY3d 946, 947 [2020]; *People v Deleon*, 34 NY3d 965, 966 [2019]; *People v Bello*, 92 NY2d 523, 525 [1998]; *People v Booker*, 164 AD3d 819, 820 [2d Dept 2018]; *People v Pino*, 162 AD3d 910, 910-911 [2d Dept 2018]; *People v Hulsen*, 150 AD3d 1261, 1262 [2d Dept 2017], *lv. denied* 30 NY3d 950 [2017]; *People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL § 70.10 (1); *see People v Deleon*, 34 NY3d at 966; *People v Mills*, 1 NY3d at 274; *People v Harwood*, 183 AD3d 1281, 1282 [4th Dept 2020]; *People v Booker*, 164 AD3d at 820; *People v Pino*, 162 AD3d at 911; *People v Arcila*, 152 AD3d 783, 784 [2d Dept 2017], *lv. denied* 30 NY3d 978 [2017]; *People v Hulsen*, 150 AD3d at 1262; *People v Franov*, 146 AD3d 978, 979 [2d Dept 2017]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Gaworecki*, 37 NY3d 225, 230 [2021], quoting *People v Grant*, 17 NY3d 613, 616 [2011]; *see People v Mills*, 1 NY3d at 274; *People v Bello*, 92 NY2d at 526; *People v Holloway*, 210 AD3d 1007, 1008 [2d Dept 2022]; *People v Castro*, 202 AD3d 815, 816 [2d Dept 2022]; *People v Booker*, 164 AD3d at 820). This

4

[* 4]

Court's inquiry is "limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan,* 69 NY2d 976, 979 [1987]; *see People v Castro*, 202 AD3d at 816; *People v Booker*, 164 AD3d at 821; *People v Pino*, 162 AD3d at 911; *People v Arcila*, 152 AD3d at 784).

Here, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally sufficient to establish and support the charges contained in Indictment Number 71205-23/002.

A Grand Jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL § 210.35 (5); *see People v Jimenez*, 39 NY3d 74 [2022]; *People v Elmore*, 211 AD3d 1536, 1539 [4th Dept 2022]; *People v Palma*, 208 AD3d 801, 802 [2d Dept 2022]; *People v Sealy*, 181 AD3d 893, 894 [2d Dept 2020], *lv. denied* 35 NY3d 1070 [2020]; *People v Arevalo*, 172 AD3d 891, 892 [2d Dept 2019]; *People v Williams*, 171 AD3d 804, 805 [2d Dept 2019]). "'The exceptional remedy of dismissal of an indictment is warranted only where prosecutorial misconduct, fraudulent conduct or errors created a possibility of prejudice" (*People v Palma*, 208 AD3d at 802, quoting *People v Addimando*, 197 AD3d 106, 121 [2d Dept 2021]; *see People v Huston*, 88 NY2d 400, 409 [1996]; *People v Sealy*, 181 AD3d at 894; *People v Williams,* 171 AD3d at 805; *People v Burch*, 108 AD3d 679, 680 [2d Dept 2013], *lv. denied* 22 NY3d 1087 [2014]; *People v Thompson*, 81 AD3d 670, 671 [2d Dept 2011], *aff'd* 22 NY3d 687 [2014]). Here, the Court finds that no such misconduct, conduct or errors occurred.

Further, while a prosecutor is required to instruct the grand jury on the law with respect to matters before it (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d 1110, 1110 [2d Dept 2017]; *People v Samuels*, 12 AD3d 695, 698 [2d Dept 2004]; *see* CPL § 190.25 (6)), "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.,* 49 NY2d 389, 394 [1980]; *see People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Batashure*, 75 NY2d 306, 311 [1990]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles* 62 NY2d 36, 38 [1984]; *People v Ruvalcaba*, 187 AD3d 1553, 1554 [4th Dept 2020], *lv. denied* 36 NY3d 1053 [2021]; *People v Tunit*, 149 AD3d at 1110; *People v Castaldo*, 146 AD3d 797, 798 [2d Dept 2017]; *People v Burch*, 108 AD3d

5

at 680; *People v Malan-Pomaeyna*, 72 AD3d 988 [2d Dept 2010]). It is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d at 394-395; *see People v Valles* 62 NY2d at 38; *People v Tunit*, 149 AD3d at 1110-1111; *People v Patterson*, 73 AD3d 1215, 1215 [2d Dept 2010], *lv. denied* 15 NY3d 776 [2010]; *People v Malan-Pomaeyna*, 72 AD3d at 988).

Here, after an in-camera review of the unredacted certified copy of the stenographic transcript of the Grand Jury presentation on April 26, 2023, this Court determines that the Grand Jury proceeding was not defective and that the instructions given during the presentation were legally sufficient and proper.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss or reduce the charges contained within Indictment Number 71205-23/002 is denied.

## 2. MOTION FOR *SANDOVAL* AND *VENTIMIGLIA* HEARINGS.

Relying on *People v Sandoval*, 34 NY2d 371 [1974], and *People v Ventimiglia*, 52 NY2d 350 [1981], Defendant requests pretrial hearings "to determine which, if any prior bad acts, convictions, vicious or immoral acts will be admitted into evidence to impeach the defendant's credibility should [he] elect to testify" (*see* Point 3, Page 1, of Defendant's Notice of Motion, and Page 1 of Defendant's Memorandum of Law). Further, Defendant contends that, "[s]hould the prosecution intend to offer direct evidence of any alleged uncharged crimes or bad acts of the defendant, ostensibly for the purpose of bolstering the proof of some element of the crimes charged in this indictment, a pre-trial hearing should be held to determine the propriety of such an offer" (*see* Page 1 of Defendant's Memorandum of Law).

In response, the People acknowledge their *Sandoval* and *Ventimiglia* obligations and consent to hearings on same if such disclosure is made (*see* Points A and B, Page 1, of the People's Memorandum of Law). The People also indicate that should they "seek to introduce defendant's prior bad acts on their direct case [pursuant to *People v Molineux*, 168 NY 264 [1901]], the People will inform defense counsel and the Court and request a hearing before introducing such *Molineux* evidence" (*Id.*).

CPL § 245.20 (3) (a) provides, in substance and pertinent part, that "[t]he prosecution shall

6

disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial for purposes of impeaching the credibility of the defendant." To the extent that the People seek to use any of Defendant's prior acts of misconduct or criminality on their direct case as substantive proof of any material issue in the case, CPL § 245.20 (3) (b) likewise obligates "[t]he prosecution [to] disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial [for such purpose]." Lastly, CPL § 245.20 (3) further requires that "the prosecution shall designate whether it intends to use each listed act for impeachment and/or as substantive proof."

As the People have concededly not yet disclosed to the defendant a list of his acts of misconduct and criminality which the prosecution intends to use at trial for impeaching his credibility or as substantive proof of any material issue in the case, nor designated their intended use thereof, this Court will not order the requested *Sandoval* and *Ventimiglia* hearings at the present time. Should the People seek to use at trial any prior acts of misconduct or criminality of the defendant for CPL § 245.20 (3) (a) or (b) purposes, they are directed to disclose to Defendant a list of all such acts of misconduct and criminality and to designate the intended purpose of each listed act. Pursuant to CPL § 245.10 (1) (b), the People "shall perform [these] supplemental discovery obligations *as soon as practicable* but not later than fifteen (15) calendar days prior to the first scheduled trial date" (emphasis added). If the People do so, Defendant may renew his application to preclude the People's use of such acts of misconduct or criminality at trial or, in the alternative, request a hearing thereon to determine the admissibility thereof. If the People fail to do so, no use of such acts will be permitted at trial.

### 3. MOTION TO SUPPRESS STATEMENTS.

Defendant seeks suppression of the statements noticed pursuant to CPL § 710.30 (1) (a) on the grounds "that such statements were obtained in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article 1 section 6 of the New York [S]tate Constitution, and were also involuntarily made within the meaning of CPL 60.45 (2) [b] [i] and [ii]" (*see* Point 4, Page 1, of Defendant's Notice of Motion, and Page 4 of Defendant's Memorandum of Law). Citing *Dunaway v New York*, 442 US 200 [1979], "defendant [also] asserts that his initial arrest was unconstitutional and made without the requisite probable cause," and that,

7

[* 7]

resultantly, "any statement thereafter elicited must be suppressed as the fruit of the initial illegality" (*see* Page 4 of Defendant's Memorandum of Law). In the alternative, Defendant requests a hearing pursuant to *People v Huntley*, 15 NY2d 72 [1965] (*see* Point 4, Page 1, of Defendant's Notice of Motion, Page 2 of Defendant's Affirmation in Support, and Page 5 of Defendant's Memorandum of Law).

In response, the People "consent to a narrowly tailored *Huntley* hearing, after which his motion to suppress should be denied" (*see* Point E, Page 7, of the People's Memorandum of Law).

As the People have consented to a hearing to address Defendant's claims regarding the voluntariness of his alleged statements, Defendant's motion to suppress his statements is granted to the extent that hearings pursuant to *People v Huntley*, 15 NY2d 72 [1965], and *Dunaway v New York*, 442 US 200 [1979], will be conducted to determine the voluntariness and admissibility of the noticed statements.

## 4. MOTION FOR DISCOVERY COMPLIANCE AND TO DEEM THE CERTIFICATE OF COMPLIANCE INVALID AND THE STATEMENT OF READINESS ILLUSORY.

Defendant moves to "[c]hallenge the People's Declaration of Readiness since the People have not turned [over] the Grand Jury minutes" and "all police reports" (*see* Point 5, Pages 1-2, of Defendant's Notice of Motion, and Page 4 of Defendant's Affirmation in Support).

In response, the People assert that Defendant's motion should be denied because they "have fulfilled their statutory discovery obligations in every way and have timely served all discovery material and information in their possession" (*see* Point F, Page 19, of the People's Memorandum of Law). The People have also provided the Court with descriptions of the materials and information that have purportedly been provided to Defendant pursuant to the People's continuing duty to do so pursuant to CPL § 245.60 (*Id.* at Page 20).

With respect to the Grand Jury minutes, the People contend that, because Defendant was not in custody at the time of the arraignment or of the filing of the indictment, they were initially afforded thirty-five (35) days for the service of such upon the defendant (*see* CPL § 245.10 (1) (a) (ii)), and, "[r]ecognizing the often 'limited availability of transcription sources,' section 245.20 (1) (b) of the [CPL] stays the time period for up to an additional 30 days without the need for a motion and allows the People to turn over the minutes 'as soon as practicable and not later than thirty

8

calendar days before the first scheduled trial date'" (*see* Point F, Page 20, of the People's Memorandum of Law).

Here, the People contend that they received the minutes of the grand jury proceeding on July 6, 2023, and that they disclosed such to the defendant through the discovery portal system that same day (*see* Point F, Page 20, of the People's Memorandum of Law). As the indictment was filed on May 8, 2023, the People assert that "the minutes were disclosed within the statutory time period, as no trial date has yet been set in this matter" *(Id.)*.

As to the disclosure of any police reports, the People claim such documents "were provided to [Defendant] before the filing of the first certificate of compliance on May 16, 2023" (*see* Point F, Page 20, of the People's Memorandum of Law).

Pursuant to CPL § 245.20 (1), the People must automatically disclose to defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (*see People v Sime*, 76 Misc3d 1107, 1111 [Crim Ct, Kings County 2022]; *People v Martinez*, 75 Misc3d 1212(A), 2022 NY Slip Op 50476(U) [Crim Ct, NY County 2022]; *People v Darren*, 75 Misc3d 1208(A), 2022 NY Slip Op 50415(U) [Crim Ct, NY County 2022]; *People v Aquino*, 74 Misc3d 1147, 1152 [Sup Ct, NY County 2022]; *People v Rodriguez*, 73 Misc3d 411, 413 [Sup Ct, Queens County 2021]) and the statute sets forth a non-exhaustive list of items and information that must be disclosed to the defendant as part of the People's initial discovery obligation (*see People v Deas*, 75 Misc3d 190, 193 [Sup Ct, Westchester County 2022]; *People v Rodriguez*, 73 Misc3d at 413; *People v Perez*, 73 Misc3d 171, 173 [Sup Ct, Queens County 2021]; *People v Soto*, 72 Misc3d 1153, 1155 [Crim Ct, NY County 2021]). CPL § 245.20 (2) further requires the People to "make a diligent, good faith effort to ascertain the existence of [such] material or information," and where it exists, to make it available for discovery, even if the material is not within their possession, custody, or control (*see People v Martinez*, 75 Misc3d 1212(A), 2022 NY Slip Op. 50476 (U); *People v Darren*, 75 Misc3d 1208(A), 2022 NY Slip Op. 50415(U); *People v Cajilima*, 75 Misc3d 438, 440 [Sup Ct, Nassau County 2022]; *People v Williams*, 73 Misc3d 1091, 1103-1104 [Sup Ct, Kings County 2021]; *People v Perez*, 73 Misc3d at 174).

However, notwithstanding the mandates of CPL § 245.20 (1) and (2), "[n]owhere within CPL article 245…is there a requirement that the People disclose every discovery item under CPL

9

245.20 (1) prior to the valid filing of a certificate of compliance. On the contrary, CPL article 245...present[s] a theme emphasizing the importance of good faith efforts by the People, and reasonableness under the circumstances, as it relates to discovery compliance" (*People v Bruni*, 71 Misc3d 913, 917 [County Ct, Albany County 2021]; *see People v Leonardo*, 75 Misc3d 1237(A) [Crim Ct, Queens County 2022]; *People v Pierna*, 74 Misc3d 1072, 1087-1088 [Crim Ct, Bronx County 2022]; *People v Barralaga*, 73 Misc3d 510, 514 [Crim Ct, NY County 2021]; *People v Rodriguez*, 73 Misc3d at 416-417; *People v Knight*, 69 Misc3d 546, 552 [Sup Ct, Kings County 2020]; *People v Erby*, 68 Misc3d 625, 633 [Sup Ct, Bronx County 2020]; *People v Askin*, 68 Misc3d 372, 378-379 [County Court, Nassau County 2020]). "Article 245 requires the prosecution to proactively disclose qualifying material to defendant and file a 'certification of *good faith compliance*' prior to stating their readiness for trial" (emphasis added) (*People v Leonardo*, 75 Misc3d 1237(A), citing CPL § 30.30 (5) and CPL § 245.50 (3), *see People v Olah*, 79 Misc3d 1240(A), 2023 NY Slip Op 50842(U) [Crim Ct, Queens County 2023). Consequently, numerous courts have found that belated disclosure should not invalidate a Certificate of Compliance that was made in good faith after the exercise of due diligence (*People v McLean*, 77 Misc3d 492, 497 [Crim Ct, Kings County 2022]; *People v Sime*, 76 Misc3d at 1114; *People v Rodriguez*, 73 Misc3d at 416, citing *People v Bruni*, 71 Misc3d at 921; *People v Randolph*, 69 Misc 3d 770, 770 [Sup Ct, Suffolk County 2020]; *People v Knight*, 69 Misc3d at 552; *People v Erby*, 68 Misc3d at 633; *People v Gonzalez*, 68 Misc3d 1213[A] [Sup Ct, Kings County 2020]; *People v Lustig*, 68 Misc3d 234, 247 [Sup Ct, Queens County 2020]), and a Certificate of Compliance need not be invalidated for the belated disclosure of discoverable material not previously known to the People (*see People v Surgick*, 73 Misc3d 1212[A], 2021 NY Slip Op. 51007(U) [Albany City Ct 2021] or because of "[i]nadvertent errors or omissions" (*People v Pondexter*, 76 Misc3d 349, 353 [Crim Ct, NY County 2022], citing *People v Nelson*, 75 Misc3d 1203[A], 2022 NY Slip Op. 50347(U) [Crim Ct, NY County 2022]; *People v Rodriguez*, 73 Misc3d at 416; *People v Moore*, 72 Misc3d 903, 907 [Sup Ct, Kings County 2021]).

In determining the validity of the Certificate of Compliance in this case, this Court has looked at the People's efforts to meet their discovery obligations and finds them sufficient, agreeing that "good faith, due diligence, and reasonableness under the circumstances are the touchstones by which a certificate of compliance must be evaluated" (*People v Marin*, 74 Misc3d at 1042, quoting *People v Perez*, 73 Misc3d at 177; *see People v Cajilima*, 75 Misc3d at 441; *People v Henry*, 74

10

Misc3d 1230(A), 2022 NY Slip Op. 50265(U) [Sup Ct, Richmond County 2022]; *People v Rodriguez*, 73 Misc3d at 417; *People v Georgiopoulos*, 71 Misc3d 1215(A), 2021 NY Slip Op 50380(U) [Sup Ct, Queens County 2021]). Here, the People have outlined the due diligence and good faith efforts that they have undertaken to obtain and provide the initial and additional discovery materials and information to the defendant. If there is any discoverable material or information that remains outstanding, it is not due to a lack of good faith effort or due diligence on the part of the People. To the extent that such has not yet been disclosed, should the People ascertain the existence of any of the materials and information itemized in CPL § 245.20 (1) through their mandated diligent and good faith efforts to do so or otherwise, they are directed to expeditiously disclose the same upon receipt thereof. If such material or information does exist and is missing, disclosed belatedly, or destroyed, this Court will determine the appropriate remedy or sanction to be imposed under the circumstances (*see* CPL § 245.80).

Accordingly, for the reasons set forth above, this Court finds that the People's statement of readiness was not illusory and Defendant's motion seeking invalidation of the People's Certificate of Compliance is denied.

## 5. RESERVATION OF RIGHT TO MAKE ADDITIONAL PRE-TRIAL MOTIONS.

Defendant's request to make additional pre-trial motions (*see* Point 6, Page 2, of Defendant's Notice of Motion) is granted to the extent that, if sought, he will be required to serve and file an Order to Show Cause detailing the reason(s) why said motions were not brought in conformity with the time provisions and motions practice set forth in CPL § 255.20 (1) and (2), respectively.

However, notwithstanding the provisions of CPL § 255.20 (1) and (2), this Court will "entertain and decide on its merits, at any time before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in [CPL § 255.20 (1)] or included within the single set of motion papers as required by [CPL § 255.20 (2)]" (CPL § 255.20 (3); *see People v Wisdom*, 23 NY3d 970, 972 [2014]; *People v Marte,* 197 AD3d 411, 413 [1st Dept 2021]; *People v Burke*, 174 AD3d 915, 915 [2d Dept 2019]; *People v Milman*, 164 AD3d 609, 610 [2d Dept 2018]).

[* 11]

## 6. MOTION FOR PRE-TRIAL HEARINGS TO BE CONDUCTED AT LEAST TWO WEEKS BEFORE TRIAL.

Defendant requests that any hearings conducted pursuant to these motions be completed "at least two weeks in advance of trial" (*see* Page 2 of Defendant's Memorandum of Law).

Defendant's motion for pre-trial hearings to be conducted at least two weeks before trial is denied. There are currently no "unusual circumstances here presented" which would require this Court to order that such pre-trial hearings be held at least that many days before the trial (*see People v Sanders*, 31 NY2d 463, 466 [1973]).

Notwithstanding the above, should the defendant seek a transcript of the minutes of any pretrial hearing and the "request for [such is made] prior to its conclusion" (*People v Sanders*, 31 NY2d at 467; *see People v Coleman,* 81 NY2d 826, 827 [1993]; *Matter of Eric W.*, 68 NY2d 633, 636 [1986]; *People v Griffin*, 98 AD3d 688, 689-690 [2d Dept 2012], *lv. denied* 20 NY3d 932 [2012]; *People v Wray*, 225 AD2d 718, 719 [2d Dept 1996], *lv. dismissed* 88 NY2d 1025 [1996]), he will then be afforded a reasonable opportunity to obtain and review the same before trial.

## 7. MOTION TO SUPPRESS PHYSICAL EVIDENCE.

Citing CPL Article 710, *Mapp v Ohio*, 367 US 643 [1961], and *Dunaway v New York*, 442 US 200 [1979], Defendant requests a hearing or, in the alternative "for summary suppression of any post arrest statements made by the Defendant, along with the fruits thereof,...and police officers observations of the defendant, and evidence that flowed from the illegal detention of [Defendant], on the grounds that such evidence is the fruit of an unlawful arrest without probable cause" (*see* Pages 2-3 of Defendant's Affirmation in Support). Specifically, Defendant claims "any tangible property, or other evidence, obtained from the defendant's breath, person, vehicle, and home along with the fruits thereof, [should be suppressed] on the grounds that such evidence is the fruit of an illegal arrest and that such evidence was obtained by means of an unlawful search and seizure" (*Id.* at Page 3).

With respect to the physical evidence that was allegedly recovered, although not addressed by the People, CPL § 710.60 (1) requires that a motion for suppression of physical evidence must state "the ground or grounds of the motion and must contain sworn allegations of fact" (*People v Ibarguen*, 37 NY3d 1107, 1108 [2021], *cert. denied* 596 US ___ [2022]; *People v Duval*, 36 NY3d 384, 391 [2021]; *People v Garay*, 25 NY3d 62, 71 [2015]; *People v Bryant*, 8 NY3d 530, 533 [2007]; *People v Finn*, 215 AD3d 1179, 1180 [3d Dept 2023]; *People v Esperanza*, 203 AD3d

12

124, 128-129 [1st Dept 2022]; *People v Guzman*, 153 AD3d 1273, 1276 [2d Dept 2017]; *People v White,* 137 AD3d 1311, 1312 [2d Dept 2016]). Here, the only allegations put forth by defense counsel are the legal conclusions that any evidence recovered was the result of an unlawful arrest without probable cause.

Consequently, Defendant's motion is denied without the need for an evidentiary hearing (*see People v Finn*, 215 AD3d at 1180-1181; *People v Cunningham*, 194 AD3d 954, 955 [2d Dept 2021], *lv. denied* 37 NY3d 991 [2021]; *People v Massey*, 186 AD3d 1716, 1717 [2d Dept 2020]; *People v Rose*, 178 AD3d 1091, 1092-1093 [2d Dept 2019]; *People v Robinson*, 118 AD3d 1028, 1028 [2d Dept 2014], *lv. denied* 24 NY3d 1046 [2014]; *People v Smith*, 69 AD3d 657, 657 [2d Dept 2010], *lv. denied* 14 NY3d 844 [2010]).

## 8. MOTION TO SUPPRESS IDENTIFICATION TESTIMONY.

Defendant moves to suppress the noticed identifications on the ground that such "identification[s] [were] dubious at best" (*see* Page 4 of Defendant's Affirmation in Support). In the alternative, Defendant requests hearings pursuant to *United States v Wade*, 388 US 218 [1967], and *Dunaway v New York*, 442 US 200 [1979] (*Id.*).

In response, the People contend that the "[p]olice lawfully arrested defendant….and, therefore, any identification of defendant should not be suppressed on this ground" (*see* Point H, Page 23, of the People's Memorandum of Law). As to the two (2) identifications made by grand jury witnesses from dashcam video surveillance, the People contend that such identifications do not constitute an identification procedure and therefore, notice was not required (*Id.* at Pages 23-24). The People also contend that "all identifications of defendant from dashcam video surveillance footage were confirmatory in nature," and that "defendant's identity was never in question because the individuals who identified defendant from [said footage] knew defendant well enough from the incident that led to Pareja's stabbing and thus their prior familiarity with him rendered the identifying witnesses impervious to suggestion" (*Id.* at Page 24). Finally, the People aver that "[t]he individuals who identified defendant also had an independent source for any in-court identification," as "Pareja and Roldan, who identified defendant, personally observed defendant during the commission of the crimes for which they identified him" (*Id.* at Page 25).

Based upon the issues raised by the parties, Defendant's motion to suppress is granted to

13

the extent that a hearing pursuant to *United States v Wade*, 388 US 218 [1967], and *Dunaway v New York*, 442 US 200 [1979], will be held in connection with the two (2) noticed identifications. As the People contend that the witnesses were so familiar with Defendant to negate any possibility of suggestiveness, the Court will also conduct a hearing pursuant to *People v Rodriguez*, 79 NY2d 445, 454 [1992], in connection with such identifications.

The foregoing constitutes the Decision and Order of the Court.

Dated: White Plains, New York
August 22, 2023

HONORABLE ROBERT J. PRISCO
County Court Judge

To: HON. MIRIAM E. ROCAH
Westchester County District Attorney
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
Attn: Assistant District Attorney Catalina Blanco Buitrago

JAY C. SHERMAN, ESQ.
Attorney for Defendant Mateo Martinez
30 State Street
Ossining, New York 10562

14